By the Court.
 

 The Court of Appeals held that, under Section 119 of the Charter of Cleveland, in the absence of the director of the department only the mayor is authorized to inquire into the cause of suspension of police and fire department officers and employees, and that such gmsi-judicial duty cannot be assigned to an assistant in the absence of specific charter provision.
 

 Counsel for relatrix below contend that the only legal order issued was the 90-day suspension on April 20, 1936, and that Rieke continued to be a member of the department under suspension and without pay until his death on April 10, 1938.
 

 Section 23 of the Rules of the Trustees of the Firemen’s Relief and Pension Fund provides:
 

 “If any
 
 member
 
 of the division of fire shall be killed
 
 *29
 
 or die from any cause,
 
 while a member
 
 of the division of fire, or while retired, and shall leave * * * minor child or children (as herein defined), under eighteen years of age, * * * such * * * minor child or children * * * shall be placed upon the firemen’s pension roll and receive the following amounts monthly,
 
 vis:
 
 * * (Italics ours.)
 

 Section 29 of the rules provides:
 

 “Members who have resigned
 
 or who have been discharged from the division of fire shall have no interest or claim on the firemen’s pension fund, except as otherwise provided by these rules and by-laws.” (Italics ours.)
 

 The Court of Appeals adopted the view of counsel for the respondents that even if the action of the acting director were not valid in accepting Rieke’s resignation implied from his conduct, under the facts in this case he abandoned his position and for that reason he was not a
 
 member
 
 of the department at his death, citing 22 Ruling Case Law, 560, Section 264, and
 
 Scofield
 
 v.
 
 United States
 
 (6 C. C. A.), 174 F., 1. After referring to
 
 Selby
 
 v.
 
 City of Portland,
 
 14 Ore., 243, 12 P., 377, 58 Am. Rep., 307, wherein it is stated, at page 246, that it requires.cogent proof to establish abandonment as a matter of fact, the Court of Appeals in the present case declared that stronger evidence of abandonment could hardly be secured than that Rieke did not report for duty and made no attempt to resume his duties or to retain his position during the period commencing with the expiration of his> 90-day suspension and continuing until the date of his death, an interval of nearly two years.
 

 Being a member of the division of fire was the first requisite for participation in the relief and pension fund. Abandonment may be treated as a constructive resignation. 2 McQuillin on Municipal Corporations (Rev. Ed.), 245, Section 516. Other propositions advanced by counsel for relatrix below need not be de
 
 *30
 
 cided. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.