BELL ET AL., APPELLANTS, *v.* BOARD OF TRUSTEES OF LAWRENCE COUNTY GENERAL HOSPITAL, APPELLEE.

50

(No. 1083—Decided October 8, 1969.)

*Mr. Lloyd E Moore,* for appellants.

*Messrs. Edwards, Klein, Compton & Allen,* for appellee.

STEPHENSON, J. Appellants were employees, over one hundred in number, of the Lawrence County General Hospital. The appellants were removed from their employment by the trustees of the Lawrence County General Hospital pursuant to Chapter 4117, Revised Code, known as the Ferguson Act, for allegedly striking in violation of the provisions of that chapter.

A hearing was held, under authority of Section 4117.-04, Revised Code, at the request of appellants, to determine whether such sections of Chapter 4117, Revised Code, had been violated. A finding was made at such hearing that the appellants had failed to establish that they were not on strike, and the termination of their employment was affirmed.

An appeal was then prosecuted to the Common Pleas Court of Lawrence County pursuant to Chapter 2506, Revised Code. The board of trustees, appellee herein, filed a motion to dismiss the appeal for lack of jurisdiction. The trial court sustained the motion and dismissed the appeal for the reason that the appellants had failed to exhaust

their administrative remedies by appeal to the State Personnel Board of Review pursuant to Section 143.27, Revised Code.

From the dismissal of their appeal, appellants then instituted an appeal to this court on "questions of law and fact." No authority exists for an appeal on questions of law and fact, and we review only on questions of law. Appellants have assigned error as follows:

"The Court of Common Pleas, Lawrence County, Ohio, erred as a matter of law when it dismissed the appeal of the plaintiff-appellants to said court from the decision of the defendant, board of trustees."

The question herein presented is, by our research, of first impression in Ohio. In *Adkins* v. *Myers*, 15 Ohio Misc. 91, an appeal was prosecuted to the Common Pleas Court of Franklin County under Chapter 2506, Revised Code, by county employees dismissed for violation of Chapter 4117. The decision was appealed to the Court of Appeals for Franklin County, consolidated with three similar appeals, and reported in *Abbott* v. *Myers*, 20 Ohio App. 2d 65. The opinions of the trial and appellate courts do not reflect that a requirement of appeal to the State Personnel Board of Review was raised, considered or passed upon by either court.

Section 143.27, Revised Code, provides in part:

"The tenure of every officer or employee in the classified service of the state and the counties, cities, city health districts, general health districts, and city school districts thereof, holding a position under Sections 143.01 to 143.-48, inclusive, of the Revised Code, shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended, or removed, except for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the Director of State Personnel or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office.

"In any case of reduction, suspension of more than five working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the Director of State Personnel and State Personnel Board of Review, or the commission, as may be appropriate.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the State Personnel Board of Review or the commission. In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority.

"In cases of removal or reduction in pay for disciplinary reasons either the appointing authority or the officer or employee may appeal from the decision of the State Personnel Board of Review or the commission to the Court of Common Pleas of the county in which the employee resides in accordance with the procedure provided by Section 119.12 of the Revised Code."

Chapter 2506, Revised Code, provides for appeals of final orders, adjudications and decisions of agencies of political subdivisions. Section 2506.01 provides, in part:

"A 'final order, adjudication or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to hearing on such is provided; * * *."

Appellee urges that the provisions of Chapter 4117, Revised Code, are *in pari materia* with Section 143.27, Revised Code, and that, by such sections, an appeal is provided to the State Personnel Board of Review and, until such appeal is taken, there is no final order from which to perfect an appeal to the Common Pleas Court under Chapter 2506, Revised Code.

No distinction is made in appellee's argument as to whether the appellants were in the classified or unclassi-

fied state civil service. We have examined the record herein and the briefs of counsel, and nowhere therein is the civil service status of the appellants disclosed.

In support of its claim that Chapter 4117 is *in pari materia* with Section 143.27, Revised Code, appellee relies on Section 4117.04, Revised Code, which provides that the hearing therein shall be "in accordance with the law and regulations appropriate to a proceeding to remove such public employee * * *."

Section 143.012, Revised Code, provides, in part:

"The State Personnel Board of Review shall exercise the following powers and perform the following duties of the Department of State Personnel:

"A. Hear appeals, *as provided by law,* of employees in the classified state service from final decisions of appointing authorities * * *."

The Ohio Supreme Court has interpreted the phrase *"as provided by law"* to mean that such appeals are to be heard in accordance with applicable procedural provisions of law. The court then holds certain provisions of the Administrative Procedure Act to be applicable, including the requirement of notice of hearing; date, time and place of hearing; conduct of the adjudication hearing, and adjudication orders. *State, ex rel. Kendrick, v. Masheter, Dir. of Hwys.,* 176 Ohio St. 232.

By our view, the phrase, "in accordance with the law and regulations appropriate to a proceeding to remove such public employee," has a like meaning and relates only to the *procedure by which the requested hearing is conducted,* and does not confer an appeal directly to the State Personnel Board of Review.

That unclassified employees have no such right of appeal to the State Personnel Board of Review is clearly evident in that Section 143.27, Revised Code, is expressly limited in application to appeals by those in the *classified service.* Further, we note that Section 143.012 (A), Revised Code, provides with respect to the duties of the State Personnel Board of Review that it shall "Hear appeals, as provided by law, of employees in the *classified state ser-*

*vice* * * *." To hold otherwise, would be to render nugatory the express provisions of these sections.

This leaves for our determination the final question dispositive of this appeal, which is whether a classified civil service employee has the right to appeal to the State Personnel Board of Review pursuant to Section 143.27, Revised Code, after the termination of his employment under Chapter 4117, Revised Code, in as much as Section 143.27, Revised Code, provides for appeals from removal from employment by employees in the classified service.

Chapter 4117, Revised Code, contains no provision as to appeals from a termination of employment under such chapter. Sections pertinent to the case at bar define strike and prohibit the same by public employees. Public employees are defined in Section 4117.01, Revised Code, as follows:

"(B) 'Public employee' means any person holding a position by appointment or employment in the government of this state, or any municipal corporation, county, township, or other political subdivision of this state, or in the public school service, or any public or special district, or in the service of any authority, commission, or board, or in any other branch of the public service."

Section 4117.04, Revised Code, provides for a notice to the employee that he is on strike and provides for a request for hearing to allow the employee to establish that he did not violate the provisions of the chapter. The section provides, in part:

"* * * In the event of such request such officer or body shall within ten days commence a proceeding for the determination of whether such sections have been violated by such public employee, in accordance with the law and regulations appropriate to a proceeding to remove such public employee. Such proceedings shall be undertaken without unnecessary delay."

Section 4117.05, Revised Code, provides:

"Any public employee who violates Sections 4117.01 to 4117.05, inclusive, of the Revised Code, shall thereby be considered to have abandoned and terminated his appoint-

ment or employment and shall no longer hold such position, or be entitled to any of the rights or emoluments thereof, except if appointed or reappointed."

Section 143.27, Revised Code, provides the following grounds for reduction, suspension or removal: incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the Director of State Personnel or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office. Striking is not now nor has it ever been a ground within the statute.

The statute further requires that in case of reduction, suspension or removal the appointing authority shall furnish the employee with a copy of the order. Within ten days thereafter, the employee may appeal. No reduction, suspension or removal is authorized except on one of the specified grounds. The appeal allowed is from the order in which the *specified ground* is set forth.

We have concluded that it would be a tenuous and improper construction of the appeal provision in Section 143.27, Revised Code, to read into it a right of appeal of classified employees from terminations under Chapter 4117. In support of our view we note that the appeal provision relates to a "removal." The appointing authority has utilized the term "removal" in its notice to appellants under Section 4117.04, Revised Code. Is a termination under Chapter 4117, Revised Code, a "removal" as that term is used under Section 143.27, Revised Code? We hold that it is not. Section 4117.05, Revised Code, provides that any public employee who violates the sections therein "shall thereby be considered to have abandoned and terminated his appointment or employment and shall no longer hold such position, or be entitled to any of the rights or emoluments thereof." We have no doubt that most public employees who strike do not actually intend to abandon their employment. The legislative intent in the enactment of this chapter is clear. It was intended to prevent strikes

by public employees and to terminate their employment if they do so. Regardless of his subjective intention, every public employee presumptively knows that if he strikes he will, by this section, be deemed in law to have abandoned and terminated his employment. In effect, by striking he resigns his position. In *Rieke, Gdn.,* v. *Hogan,* 138 Ohio St. 27 at 29, the Ohio Supreme Court has stated that "abandonment may be treated as a constructive resignation."

In *State, ex rel. Barcroft,* v *Stover,* 170 Ohio St. 54, an action in mandamus was brought to secure reinstatement to a position in the classified state service. The relatrix had remained off work after a leave of absence. In accordance with a rule of the Ohio Civil Service Commission such absence was deemed a resignation and so entered on the record. The relatrix was not notified of the entering of the resignation. The court, in denying the writ, held that such employee has constructive notice of the rule and then stated: "There is nothing in Section 143.27, Revised Code, relative to removals for cause, requiring notice in a case involving resignations." In the same vein, we observe nothing in the statute allowing an appeal by a public employee, under Section 143.27, Revised Code, who has abandoned, in law, his employment, by virtue of Chapter 4117.

In support of our conclusion that the Legislature did not intend an appeal under Section 143.27, Revised Code, we consider it significant that, in the enactment, in 1953, of Section 143.272, Revised Code, dealing with removal of any public employee who advocates or willfully retains membership in an organization which advocates overthrow of government by force or other unlawful means, the Legislature therein provided, in part:

"* * * The procedure for the removal of all other public employees under the provisions of this section shall be the same as is provided in Section 143.27 of the Revised Code * * *."

Chapter 4117, Revised Code, was originally enacted as Section 17-7 *et seq.,* General Code, in 1947 in 122 Ohio Laws 449, in substantially its present form. Section 143.27,

Revised Code, then Section 486-17a, General Code, was not referred to, nor was any amendment made to Section 486-17a, General Code. If it was intended that the civil service appeal provision was to be applicable, the Legislature could have done so, as it did in 1953 in enacting Section 143.272, Revised Code.

Finally, we would observe in this respect, that the Legislature painted with a broad brush in its application of Chapter 4117, Revised Code, to public employees. The public employees therein defined are not restricted to those in the classified service. The evil sought to be remedied was strikes by public employees. It does not seem a logical interpretation to us to provide an additional administrative hearing to those accused of the same act, to wit, striking, if they were in the classified service, and deny it to those not in that classification.

We hold, therefore, that the appellants, irrespective of the status as classified or unclassified employees of the state civil service, had no right of appeal pursuant to Section 143.27, Revised Code; that the Legislature, by the enactment of Chapter 2506, Revised Code, did so in sufficiently broad terms to allow the appeal herein to the Common Pleas Court; and that the order of dismissal of the same was contrary to law, is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

GRAY, P. J., and ABELE, J., concur.