DIEBLER ET AL., APPELLANTS, *v.* DENTON, DIRECTOR, ET AL., APPELLEES.

WOODS, APPELLEE, *v.* DENTON, DIRECTOR, APPELLANT; PERINI, SUPERINTENDENT, ET AL., APPELLEES.

AXTHELM ET AL., APPELLANTS, *v.* DENTON, DIRECTOR, ET AL., APPELLEES.

SANSEL ET AL., APPELLANTS, *v.* DENTON, DIRECTOR, ET AL., APPELLEES.

HARPER ET AL., APPELLANTS, *v.* DENTON, DIRECTOR, ET AL., APPELLEES.

ROBERTS, APPELLANT, *v.* DENTON, DIRECTOR, ET AL., APPELLEES.

(Nos. 3-76-6, 6-76-1, 9-76-7, 14-76-2, 16-76-3 and 16-76-4—
Decided August 5, 1976.)

*Messrs. Topper, Alloway, Goodman, DeLeone & Duffey* and *Mr. John W. Zeiger,* for appellants (except in Hardin County Case No. 6-76-1).

*Mr. William J. Brown,* Attorney General, and *Mr. James B. Recchie,* for appellees (except in Hardin County Case No. 6-76-1).

GUERNSEY, J. Late on the evening of May 13, 1976, a labor dispute erupted at the Marion Correctional Institute, a medium security penal institution located at Marion, Ohio, hereinafter referred to as the institution. During each of the ensuing days a sizeable number of classified civil service employees of the institution, including all of the employees involved in these appeals, were absent from work. As a result of these absences George F. Denton, Director of the Department of Rehabilitation & Corrections, hereinafter referred to as the Director, and E. P. Perini, Superintendent of the Marion Correctional Institute, hereinafter referred to as the Superintendent, issued orders to all of the employees who are parties to these appeals removing them from their respective positions of employment for the stated reason of "neglect of duty." Although the orders then varied in the particulars relating to the neglect, each included the particular that the employee had failed to report for his regularly assigned duties on stated dates.

Each of the employees thus removed appealed their removals to the State Personnel Board of Review, hereinafter referred to as the Board. Hearing was had on their appeals and the orders of removal as to the employees parties to these appeals except employees Bader, Ionno, Pfeiffer, Harper and Roberts, were disaffirmed as to the removals and modified to provide instead for 90 day suspensions. It is understood that these employees have served their 90 day suspensions and have been reinstated in their employment. The Board affirmed the orders of removal as to employees Bader, Ionno and Pfeiffer (from Marion County), Harper (from Wyandot County), and Roberts (from Wyandot County).

Four employees residing in Crawford County, one employee residing in Hardin County, twenty-six employees residing in Marion County, two employees residing in Union County and three residing in Wyandot County then filed appeals from the Board in the common pleas courts of the counties of their residence.

The appeals of William C. Woods in Hardin County and William Roberts in Wyandot County to the common pleas courts were individual appeals. In all the other appeals to common pleas courts two or more persons are joined. In all appeals except that in Hardin County the respective common pleas court without the introduction of additional evidence found the action of the Board supported by reliable, probative and substantial evidence and in accordance with law and affirmed same. In the William C. Woods appeal in Hardin County the common pleas court found without the introduction of additional evidence to the contrary, reversed the decision of the board and ordered Woods reinstated without suspension.

It is from the respective judgments of the Common Pleas Courts of Crawford, Marion, Union and Wyandot Counties that the 35 employees involved in such appeals have now appealed to this Court and it is from the judgment of the Common Pleas Court of Hardin County that the Director has taken his appeal to this Court. The employees are joined in their appeals to this Court in the same manner in which they were joined in their appeals to the common pleas courts. Before considering the assignments of error we will consider pertinent jurisdictional questions which were not raised by the parties but were basic to the appellate jurisdiction of the common pleas courts and to our derivative appellate jurisdiction.

R. C. 124.03 in application to the authority of the state personnel board of review gives it the power to:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities * * * relative to reduction in pay or position, job abolishments layoff, suspension, discharge, assignment or reassignment to a new or different position

classification: the board may affirm, disaffirm, or modify the decisions of the appointing authorities * * * and its decision is final; * * *.''

R. C. 124.34 includes within its provisions respecting reduction, suspension or removal, the following:

''In any case of reduction, suspension of more than five working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.

''Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission. * * * it may affirm, disaffirm, or modify the judgment of the appointing authority.''

R. C. 124.34 then prescribes as to further appeal:

''In cases of *removal or reduction in pay for disciplinary reasons,* either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the *court of common pleas of the county in which the employee resides* in accordance with the procedure provided by section 119.12 of the Revised Code.'' (Emphasis added.)

This is the only provision in the title relating to civil service which deals with appeals to common pleas courts and it will be observed that though appeals were provided to the Board from orders of reduction, suspension of more than five working days, or removal, appeals were provided from the Board to common pleas courts of the county of residence only from ''cases of removal or reduction in pay for disciplinary reasons.''

R. C. 119.12 additionally provides:

''Any party adversely affected by any order of an agency issued pursuant to any other adjudication [other than those relating to licenses and to orders of the fire marshal] may appeal to the court of common pleas of Franklin county, * * *.''

In dealing with these respective appellate provisions Justice Leach said in *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207, 210:

"An appeal is provided to the State Personnel Board of Review or commission for suspensions of more than five days. None is provided for suspension of five days or less.

"No appeal is provided to the Common Pleas Court *from any order of suspension,* such appeals (except as to members of the police or fire department of a city) being limited to those involving removal, or reduction in rank [*sic*] for disciplinary reasons." (Emphasis added.)

In the case of *In re Termination of Employment* (1974), 40 Ohio St. 2d 107, the Supreme Court seems to recognize on the authority of *State, ex rel. Oliver,* v. *State Civil Service Commission* (1959), 168 Ohio St. 445, that under the provisions of R. C. 119.12 appeals from *all* orders of the Board may be made to the common pleas court of Franklin County but it is implicit in its decision that appeals to the common pleas courts of the county of residence (other than Franklin county) of those matters coming within the operation of R. C. 124.34 must be grounded under the appeal provisions of that section.

The right of appeal from an order of the Board must be conferred by the Ohio Constitution or by statute. *Lindblom* v. *Bd. of Tax Appeals* (1949), 151 Ohio St. 250, *Corn* v. *Bd. of Liquor Control* (1953), 160 Ohio St. 9, *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41. There is no constitutional provision conferring upon an employee a right of appeal to a court of common pleas of the county of residence and no statutory provision conferring such right upon an employee in cases of suspension from employment for disciplinary reasons, with the exception of Franklin County.

Although the appeals to the Board here originally involved removal from employment the Board in its decision, except as to five persons, modified each order of removal to an order of 90 day suspension starting on the effective date of the removal order with reinstatement to the employee's position on the day following the completion of

the suspension. The order of modification thus became constructively and by operation of law the order of the appointing authority and the only order remaining in the respective case of the affected employee. Such orders of suspension not constituting "cases of removal or reduction in pay for disciplinary reasons" there existed no authority either under the constitution or under statute for a suspended employee to appeal the decision of the Board to the court of common pleas of the county of his residence and that court of common pleas was, therefore, without jurisdiction to entertain his appeal although in each of these appeals the court of common pleas proceeded to act. "* * * where the court, in deciding its own jurisdiction attempts to confer jurisdiction upon itself where in fact no jurisdiction whatsoever exists, such an improper assumption of jurisdiction is a usurpation of judicial power and any order made by a Court of Common Pleas pursuant to such a usurpation of judicial power is void and of no force or effect." Chief Justice O'Neill in *State, ex rel. Osborn*, v. *Jackson, supra.*, p. 50.

We thus recognize sua sponte plain error of the respective courts of common pleas here involved as to their exercising an appellate jurisdiction which they did not have respecting the appeals of those employees whose appeals to the Board of orders of removal ended up in mere orders of suspension. Exercising our own appellate jurisdiction in such cases only to the extent necessary to eliminate the effect of the action of the common pleas courts, we find that action void, reverse the judgments based on such erroneous exercise of jurisdiction and, doing that which each court should have done, dismiss the respective appeals of the suspended employees at their costs.

This leaves pending in this Court for determination only the appeals of the five employees whose orders of removal were affirmed by the Board and similarly affirmed by the courts of common pleas, specifically the appeals of appellants Bader, Ionno, and Pfeiffer in Marion County Case No. 9-76-7, of appellant Harper in Wyandot County Case No. 16-76-3 and appellant Roberts in Wyandot Coun-

ty Case No. 16-76-4. As to these appellants there are assigned four assignments of error which we will consider in the order of their assignment.

*First Assignment of Error.* "The removal orders issued to appellants are legally defective and void requiring appellants' immediate reinstatement.

"A. The removal orders are void for failure to comply with section 124.34, R. C.

"B. The removal orders alleging less than three (3) day absences are void since they fail to state grounds which are legally sufficient to justify appellants' removal.

"C. The removal orders are void since the appointing authority has no power to remove an employee for alleged strike participation under the civil service laws but must proceed under the Ferguson Act."

Category A. of this assignment is based on a claim that the removal orders merely specified a single ground for removal, *i. c.,* "neglect of duty" because of failure to report for regularly assigned duties on specified dates, whereas the Director testified to the effect that the criteria for removal was absence coupled with picket line activity or attempts to prevent the ingress or egress of traffic at the institution. It is asserted by the appellants that the orders did not then meet the requirements of R. C. 124.34, hereinbefore quoted, that they state "the reasons" for the removal.

The first paragraph of R. C. 124.34 prescribes that an employee shall not be removed "except * * * for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior of any other acts of misfeasance, malfeasance, or nonfeasance in office." The orders of removal of these five appellants were not issued by the Director but each was issued by the Superintendent whose capacity to do so is uncontested. In addition to the allegation of failure to report on specified dates each order also alleged the issuance to the employee of a

letter requesting that he return to work at a specified time, his failure to do so, and his absence on certain dates without notice to the institution of his reason for absence, and each order further recited that the removal action was being taken subject to R. C. 124.34 "as administered through Administrative Rule PL-25-03."

The Superintendent, who was equally an appointing authority, never testified that he used the same standards as the Director with respect to the five remaining appellants. In fact, he testified that he used different standards.

In our opinion, however, whether these orders were issued by the Superintendent under the standards referred to by the Director or under different standards, each order must speak for itself and, doing so, each order relative to these five remaining appellants fully satisfied the requirements of the statute as to stating the reasons for removal, fulfilled the requirements for due process in giving notice to the appellants of the allegations against them, and they were not required to defend beyond such allegations. In any event, the Director never testified that the matter of absence without leave was not material, and the evidence proved that there was absence without leave of these appellants of sufficient seriousness, without reference to any other activity, to support the orders of removal.

Category B. of this assignment pertains only to removal orders "alleging less than three (3) day absences" and cannot possibly apply to these five appellants. Bader found to have absented himself for eleven days, Harper for twelve, Ionno for ten, Pfeiffer for ten and Roberts for twelve, and each alleged to have been absent for ten days or more.

Category C. constitutes an assertion that in the circumstances here presented action under the Ferguson Act (R. C. Chapter 4117) constitutes the exclusive remedy to which the appointing authority must resort.

The simple answer to this contention is that the punitive provisions of the Ferguson Act including termination of employment and restrictions on reinstatement, which

are different than consequent on the removal of a classified civil service employee under R. C. Chapter 124, cannot be invoked unless the notice is given to the employee by his superior that he is on strike. R. C. 4117.04. No such notice was given here. As held by the Supreme Court in *Goldberg* v. *Cincinnati* (1971), 26 Ohio St. 2d 228, and as stated by Justice Herbert in his opinion concurred in by the other members of the Court, p. 236:

"* * * While the public employees in question did engage in a common law strike against their public employer, they cannot be considered to have engaged in a Ferguson Act strike where the notices required by R. C. 4117.04 were not sent. It must be emphasized that R. C. 4117.04 expressly contemplates actual written notice to each employee that he is on strike. There is good reason for strict compliance with this condition. Even in the case of employees who are reinstated, the effects of their violation of the Ferguson Act are severe and continue in force for as long as two years after reinstatement."

In that case the Supreme Court declined to determine the issue of the legal duty of the public employer to employ the Ferguson Act and to give the R. C. 4117.04 notice, or, in other words, its discretion not to. The appellants here would insist that no discretion exists in the factual situation of this case as between the application by the employer of R. C. 124.34 and its application of the Ferguson Act. It will be noted in this regard that the former involves action by the employer to "remove" the employee from his employment whereas the latter involves at least the legal fiction established by the legislature of the employee constructively abandoning or terminating his employment. See *Bell* v. *Bd. of Trustees* (1969), 21 Ohio App. 2d 49 (affirmed, 34 Ohio St. 2d 70). It should also be observed that the provisions of R. C. 124.34 are operative only against classified civil service employees whereas the Ferguson Act is designed to be operative as to any "public employee" as defined by R. C. 4117.01. The Ferguson Act contains no expression from which a legislative intent may be derived that such act should be the exclusive remedy where classified civil service employees are involved in a strike as de-

fined by R. C. 4117.01. In our opinion the provisions of the Ferguson Act are cumulative rather than exclusive and it is left in the discretion of the employer whether the employer proceeds under the provisions of R. C. 124.34 or under the provisions of the Ferguson Act.

We find that the first assignment of error, in its entirety, is without merit.

*Second Assignment of Error.* "Assuming arguendo, that the removal orders issued appellants are valid, the appointing authority's failure to offer evidence that appellants engaged in picket line activity requires their reinstatement."

As we have pointed out previously under our discussion of Category A. under the first assignment of error the evidence shows that the five appellants were ordered removed by the Superintendent for different reasons than those stated by the Director and each order shows that there was a failure of the employee to return to work when requested by letter to do so.

Although striking may not be a statutory ground for removal (*Bell* v. *Board of Trustees* [1969], 21 Ohio App. 2d 49), it does not follow that neglect of duty by failing to report for regularly assigned duties is justified merely because occasioned by the employee's strike activities.

They were not charged in their respective orders of removal with picket line activity and did not have to defend against any charge of such activity. Accordingly, the appointing authority did not have to prove picket line activity. The issue before the Board was whether the reasons for removal, as stated in the charge as drawn, were supported by the evidence, and whether such reasons constituted neglect justifying removal.

*Third Assignment of Error.* "The State Personnel Board of Review erred in excluding appellants' proffered evidence that the strike resulted from the appointing authority unilaterally and unlawfully breaching an existing collective bargaining agreement covering appellants and in ruling that such evidence was irrelevant in determining the proper disciplinary penalty."

In essence this is a claim that the state acted illegally

in terminating an existing collective bargaining agreement, that this constituted a breach justifying the appellants to strike, and thus justifying their absence from work.

Assuming, without deciding that the appellants here were entitled to the benefits of such agreement, no breach thereof would entitle them to strike because strikes by public employees are prohibited by R. C. 4117.02 under any circumstances. Thus, the agreement or its breach becomes irrelevant to the issues raised by the removal orders of these appellants. These issues did not include any issue of mitigation of penalty. The appeal to the Board involved only the issue of the propriety of the removal order applying, however, as justified, its authority to affirm, disaffirm, or modify such order. The board's discretion in these areas does not, however, mandate the admission of wholly irrelevant evidence.

*Fourth Assignment of Error.* "Unequal and discriminatory issuance of removal orders to appellants, and not to the other fifty employees known by the appointing authority to have been absent for identical periods, violates appellants' rights to equal protection of the laws."

This assignment of error does not involve the validity of any statute or rule with respect to uniformity and equal protection but involves a claim of unequal protection in the failure of the appointing authority to uniformly apply disciplinary measures against its employees.

The record does not, however, support the claim. The record reflects a diminishment of the severity of the orders of removal by the Board's modifying to 90 day suspensions those order pertaining to employees having only lesser periods of absence. These five appellants were the only ones removed from their employment by the orders of the appointing authority as affirmed by the Board. The record shows no other employees of equal or similar absence without leave, who had been issued letters requesting them to return to work at specified times, and who had failed to do so. The record does not show a failure to remove from employment any similar offenders. Appellant relies strongly on the case of *Yick Wo* v. *Hopkins* (1886), 118 U. S. 356,

373, 30 L. Ed. 220, 227, but there is no showing here that the public authority had administered the law "with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights."

Finding no prejudicial error in any of the particulars assigned and argued the judgments of the respective common pleas courts as to appellants Bader, Ionno, Pfeiffer, Harper and Roberts must be affirmed.

*Judgments accordingly.*

Cole, P. J., and Miller, J., concur.