SCOTT, APPOINTING AUTHORITY, ET AL., APPELLEES, *v.*
REINIER, APPELLANT.

(No. 78-1032—Decided May 2, 1979.)

68

*Mr. William J. Brown,* attorney general, and *Mr. Paul L. Cox,* for appellees.

*Mr. Ronald H. Janetzke,* for appellant.

PATTON, J. The single issue before this court is whether R. C. 124.34 provides an appointing authority the right to appeal an order of the State Personnel Board of Review, modifying an employee's removal order to a suspension order, to the Court of Common Pleas.

R. C. 124.34 (prior to its amendment effective March 13, 1978) read, in pertinent part, as follows:

"In any case of reduction, *suspension of more than five working days, or removal,* the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.

"Within ten days following the filing of such order, *the employee may file an appeal, in writing, with the state personnel board of review* or the commission. In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority.

"*In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review* or the commission *to the court of common pleas* of the county in which the employee resides in accordance with the procedure provided by section 119.-12 of the Revised Code." (Emphasis added.)

Appellant Reinier refers to the third paragraph above, and states that the appointing authority can only appeal to the Court of Common Pleas "[i]n cases of removal or reduction in pay." He then argues that since the board modified the appointing authority's order from a removal to a suspension, the case became a "suspension case" and that, therefore, it was not appealable. The appellees concede that only "cases of removal or reduction in pay" are appealable to the Court of Common Pleas; however, they maintain that since the original order was a removal order, this was a "case of removal" and that, therefore, it was appealable.

The Court of Appeals of the Third District resolved

this same issue in favor of the position taken by the appellant herein. In *Diebler* v. *Denton* (1976), 49 Ohio App. 2d 303, that court, at pages 308-309, stated the following:

"Although the appeals to the Board here originally involved removal from employment the Board in its decision, except as to five persons, modified each order of removal to an order of 90 day suspension starting on the affective date of the removal order with reinstatement to the employee's position on the day following the completion of the suspension. *The order of modification thus became constructively and by operation of law the order of the appointing authority and the only order remaining in the respective case of the affected employee.* Such orders of suspension not constituting 'cases of removal or reduction in pay for disciplinary reasons' there existed no authority either under the constitution or under statute for a suspended employee to appeal the decision of the board to the court of common pleas of the county of his residence and that court of common pleas was, therefore, without jurisdiction to entertain his appeal although in each of these appeals the court of common pleas proceeded to act." (Emphasis added.)

The Court of Appeals for Morrow County has also adopted this position in *Shaffer* v. *Denton* (Aug. 5, 1976, No. CA-527), unreported.

A contrary position has been taken by the Court of Appeals for Franklin County not only in the present cause, but also in another recent decision from that court. In the case of *In re Stanley* (1978), 56 Ohio App. 2d 1, the Court of Appeals for Franklin County, at pages 2-3, stated as follows on this issue:

"The issue before us is whether the right to appeal— that is, the nature of the case as one of removal or reduction in pay for disciplinary reasons—is determined by the initial action of the appointing authority or by the action of the civil service commission upon appeal to it. The trial court apparently found that the nature of the case is determined by the order of the civil service commission, rath-

er than by the order of the appointing authority, relying upon *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207.

"The *Anderson* case has no application herein, inasmuch as the original action by the appointing authority was a suspension for a period of five days or less, and the Supreme Court held that, under such circumstances, the employee has no right of appeal to the state personnel board of review or municipal civil service commission in accordance with the express terms of R. C. 143.27 (now R. C. 124.34).

"*The determination that the character of a case—whether it involves removal or concerns reduction—from the action of the appointing authority is mandated by that portion of R. C. 124.34 which confers a right of appeal upon the appointing authority,* as well as the employee, in cases of removal or reduction in pay for disciplinary reasons.

"*Otherwise, there could never be an effective appeal by an appointing authority, since it is only when the action of the civil service commission is either to reverse or modify the action of the appointing authority that such an appeal could be taken,* and the order of the civil service commission would not be that of removal or reduction in pay but, instead, would be an order of reinstatement with or without a period of suspension. Although not expressly deciding the issue, this result is indicated by *State, ex rel. Bingham,* v. *Riley* (1966), 6 Ohio St. 2d 263, and *State, ex rel. Stough,* v. *Bd. of Edn.* (1977), 50 Ohio St. 2d 47." (Emphasis added).

The rationale of the *Stanley* case focuses on the fact that R. C. 123.34 confers upon both the employee and the appointing authority the right to appeal a removal case or a reduction-in-pay case to the Court of Common Pleas. As the *Stanley* court pointed out above, this right of appeal would be meaningless to the appointing authority if the decision of the board were to determine the *nature* of the case. Obviously, the appointing authority will not appeal a decision of the board which affirms one of his orders. However, he will want to appeal an order of the board

which disaffirms or modifies his order. Yet, if the decision of the board determines the *nature* of the case, then every removal order that is modified or disaffirmed will make the case less than a "case of removal" and no appeal will lie. In effect, the appellant's interpretation of R. C. 124.34 would deny the appointing authority the right to appeal which is clearly conferred upon him by the statute. Such an interpretation is not consistent with the rule of construction that each provision in a statute should be given effect. See R. C. 1.47(B).

A review of this court's decisions reveals that this issue has not been decided by this court; yet, certain cases are worthy of discussion. The case that the Court of Common Pleas relied upon in dismissing the appeal, *State, ex rel. Osborn, supra* (46 Ohio St. 2d 41), is distinguishable from the cause at bar because in *Osborn,* the issue was whether the Director of the Ohio Department of Transportation had the right to appeal the State Personnel Board of Review's order disaffirming the Director's *layoff* order. The *Osborn* case was not concerned with the application of R. C. 124.34, which is the central issue in the instant cause.

We distinguished *Osborn* for this same reason in *Jackson* v. *Chapman* (1978), 54 Ohio St. 2d 282. In *Jackson,* we held that the Director of Transportation had the right to appeal the State Personnel Board of Review's disaffirmance of his removal order, pursuant to R. C. 124.34. The logic of appellant's position here conflicts with that holding. Appellant argues that the board's modification of the removal order to a suspension order made the case a suspension case. In that respect, he quotes the *Diebler* court's statement that "[t]he order of modification thus became constructively and by operation of law the order of the appointing authority * * *." *Diebler, supra* (49 Ohio App. 2d 303), at page 309. A logical extension of that interpretation would mean that where the board disaffirms a removal order, the case is no longer a removal case, and no appeal lies. However, in *Jackson, supra,* we held that an

appeal did lie where the board disaffirmed the removal order.

It is our determination that the appellant's interpretation of R. C. 124.34 not only conflicts with our decision in *Jackson*, but that it also is contrary to the rule of statutory construction that each provision in a statute should be given effect. The General Assembly provided *both* the employee and the appointing authority with a right of appeal to the Court of Common Pleas, and our interpretation of R. C. 124.34 should not make the appeal right meaningless to the appointing authority. Therefore, we hold that where the State Personnel Board of Review modifies an appointing authority's removal order to a suspension order, the case remains a "case of removal" within the meaning of R. C. 124.34 and, therefore, an appeal lies to the Court of Common Pleas under that statute.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN and LOCHER, JJ., concur.

SWEENEY, J. dissents.

PATTON, J., of the Eighth Appellate District, sitting for HOLMES, J.