COLSON, APPELLANT, *v.* OHIO STATE DEPARTMENT OF COMMERCE, APPELLEE.

(No. 84AP-978—Decided July 16, 1985.)

*Jonathan J. Downes,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *John F. Kozlowski,* for appellee.

WHITESIDE, J. This is an appeal by appellant, Arlie Colson, from a judgment of the Franklin County Court of Common Pleas affirming a decision of the State Personnel Board of Review dismissing his appeal from an alleged reduction in position. Appellant Colson raises four assignments of error in support of his appeal, as follows:

"I. The common pleas court erred as a matter of law in granting appellee's motion to dismiss for lack of jurisdiction in that the common pleas court as well as the State Personnel Board of Review had jurisdiction to hear an appeal of matter [*sic*] of reduction of duties.

"II. The common pleas court erred as a matter of law in not reversing the decision of the State Personnel Board of Review and [in not] affirming the report and recommendation of the hearing officer of the SPBR in finding that the ap-

pellee department of commerce had reduced appellant Colson in position.

"III. The common pleas court erred as a matter of law in finding that the appeal of appellant must be according to the provisions of R.C. § 124.34.

"IV. The common pleas court erred as a matter of law in upholding the decision of the SPBR holding that the appellant was estopped from ascerting [sic] a reduction in duties for the reason that appellant had not appealed a reduction for a two year period."

In January 1983, Colson filed an appeal with the State Personnel Board of Review from an alleged reduction in position, notice of which was received on January 15, 1983. The matter was heard by a hearing officer, who recommended that the board of review "disaffirm appellant's reduction" and entered an order that appellant be given "duties commensurate with the classification specification of Investigat[ion] Supervisor 2." The State Personnel Board of Review rejected the recommendation of the hearing officer and dismissed the appeal, stating in its opinion:

"The appellant is classified as Investigat[ion] Supervisor 2 with the Division of Real Estate. From 1979 to January 1983, appellant worked out of his home and supervised no one. In January, 1983, he informed his supervisor that he was ready to assume his normal duties. The appellant, by his own actions, has failed to perform the duties of his classification and is now estopped to assert that he has been reduced in duties. He is still doing what he did from 1979 to 1983. Furthermore he has not been reduced in pay."

The hearing officer's findings of fact include the following:

"1. In 1979, appellant was employed as an Investigation Supervisor 2 with the Department of Commerce. For reasons which are somewhat unclear to me, appellant began to work out of his home, as opposed to spending full time either in the offices of the Department of Commerce or in the field during investigations. * * * I find that appellant has been working the position of Investigation Supervisor 2 out of his home since mid-1980, a situation which has continued up until the time of hearing.

"2. On January 11, 1983, appellant prepared and forwarded a memo to Joyce Kady, the Supervisor. * * * In this memorandum, appellant advised the Department of Commerce that he was ready, willing, able, and that it was his intention to reassume his in-office duties as Investigation Supervisor 2 as of January 12, 1983. * * *

"3. On January 14, 1983, appellant received a memorandum from Sylvia Keberly, acting Superintendent of the Division of Real Estate, the division in which appellant was employed. * * * This memorandum instructed appellant to maintain the status quo and that his job duties would be reviewed by the new Superintendent."

Upon appeal to the common pleas court, that court dismissed the appeal for lack of jurisdiction.

The record reflects that appellant retains the same classification and pay. His complaint centers around his job assignment, not his classification or rate of pay. He contends that he is not performing the job duties that he should be performing under his job title and apparently has not done so since 1979. At that time, appellant apparently attempted some type of appeal to the State Personnel Board of Review in connection with the change of his duties but subsequently withdrew that appeal. In January 1983, no new action to change his duties was taken. Instead, the Department of Commerce refused, at that time, to take action at appellant's request to change his job assignment.

Giving full credence to all of appellant's contentions, at most, there would be a reduction in position with respect to the job duties assigned, even

though his rank, classification and pay remain the same. As this court stated in *Weisenberger* v. *Auditor* (Jan. 28, 1982), No. 81AP-607, unreported, there is no right of appeal to the common pleas court from a reduction in position. In that case, we stated at page 4:

"The first paragraph of R.C. 124.34, provides, *inter alia,* for reductions in pay or position for good cause. The second paragraph of the section provides for serving of the order of reduction upon the employee and filing same with the Personnel Board of Review. The third paragraph of R.C. 124.34 provides for an appeal to the State Personnel Board of Review. Up to this point, the language of R.C. 124.34 is clear and is applicable whenever an employee is 'reduced in pay or position.' The fourth paragraph of the section, however, provides for an appeal from the State Personnel Board of Review to the Court of Common Pleas but limits such appeal to 'cases of removal or reduction in pay for disciplinary reasons.' Omitted from the provision for appeal to the Court of Common Pleas are suspensions and reductions in position. Thus, R.C. 124.34 provides for an appeal to the Board of Review in all cases of reduction, whether in pay or position, but provides for an appeal from the order of the Board of Review to the Common Pleas Court only in cases of reductions in pay. It necessarily follows that that section does not afford appellant a remedy of appeal to the Court of Common Pleas from the order of the State Personnel Board of Review since appellant's attempted appeal to that board was predicated upon a claimed reduction in position."

We affirm our finding in *Weisenberger* and the reason underlying that conclusion. R.C. 124.34 does not afford an appeal to the court of common pleas from a decision of the State Personnel Board of Review involving a reduction in position, even assuming that there was such a reduction in this case and that the appeal to the board of review was timely.

While appellant raises four assignments of error, they all are controlled by the lack of a right of appeal to the court of common pleas under the circumstances of this case. The common pleas court did not err in dismissing appellant's appeal to that court for lack of jurisdiction and, accordingly, did not err in not conducting a further review of the decision of the State Personnel Board of Review upon the merits. None of the assignments of error is well-taken.

For the foregoing reasons, all four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and NORRIS, JJ., concur.