STOKES, SHERIFF, APPELLANT, *v.*
SNEED, APPELLEE.■

(No. C-860350—Decided
April 29, 1987.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *John R. Meckstroth, Jr.,* for appellant.
*John A. Wiethe,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

Appellant Lincoln Stokes, Sheriff of Hamilton County ("Stokes"), appeals the court of common pleas's decision affirming certain disciplinary action taken by the State Personnel Board of Review ("board of review"). Lorenzo Sneed ("Sneed"), an employee of the Hamilton County Sheriff's Department, held the position of Corrections Supervisor II. Stokes filed an order with the board of review and the Department of Administrative Services demoting Sneed to Corrections Officer II for nonfeasance, neglect of duty and insubordination. Sneed appealed, and the administrative law judge recommended that the reduction be affirmed following an evidentiary hearing. Sneed filed objections to the administrative law judge's report and recommendations with the board of review. The board of review found the reduction in position too severe, rejected the administrative law judge's recommendations, and modified the reduction to a thirty-day suspension. Stokes then appealed the board of review's order to the court of common pleas. The court of common pleas affirmed the decision of the board of review and denied Stokes's motion for reconsideration. From the judgment of the court of common pleas, Stokes brings this appeal.

Stokes, in his first assignment of error, contends that the court of common pleas erred in affirming the order of the board of review. Stokes's assignment of error raises two issues: first, whether the board of review acted contrary to law by modifying an order of reduction in position to a suspension and second, whether the board of review's decision to modify the order was contrary to the manifest weight of the evidence.

We need not review the issues presented in this assignment of error. R.C. 124.34 governs, *inter alia,* a reduction in pay or position for good cause. The second paragraph provides, in pertinent part, for service on an employee of an order of "reduction" and for the filing of the order with the board of review. The third paragraph

of R.C. 124.34 provides for appeal to the board of review.

Up to this point, the language clearly provides an unqualified right of appeal to the board of review whenever an employee is reduced in pay or position. The fourth paragraph of this section, however, provides for a further appeal from the board of review to the court of common pleas only in cases of "removal or reduction in pay for disciplinary reasons." Reductions in position (as well as suspensions) are not, under this section, matters subject to appeal to the common pleas court.

Thus, in all cases of reduction, whether in pay or position, R.C. 124.34 provides for an appeal to the board of review, but a further appeal to the court of common pleas lies only in cases of reductions in pay. *Colson* v. *Ohio Dept. of Commerce* (1985), 26 Ohio App. 3d 67, 26 OBR 241, 498 N.E. 2d 209 (following the holding in *Weisenberger* v. *Auditor* [Jan. 28, 1982], Franklin App. No. 81AP-607, unreported). Otherwise stated, there is no appeal to the court when an employee has been reduced in position unless the record discloses that he has been reduced in pay. In the absence of any such demonstration in the instant case, R.C. 124.34 does not afford Stokes a right of appeal to the court of common pleas from the board of review's order.

We are mindful of the Supreme Court of Ohio's holding in *Scott* v. *Reinier* (1979), 58 Ohio St. 2d 67, 12 O.O. 3d 80, 388 N.E. 2d 1226, that R.C. 124.34 provides the appointing authority the right to appeal when the board of review modifies an employment removal order to a suspension. Under the syllabus in *Reinier,* it is the nature of the appointing authority's original order, and not any subsequent modification of it, that determines whether there is a further right of appeal to the court of common pleas. Our holding in the case *sub judice* is therefore consistent with *Reinier,* because what is involved here is not a removal by the appointing authority, but a nonappealable reduction in position.

Stokes's assignment of error is controlled by the absence of authority under the statute to appeal to the court of common pleas.

We accordingly find that the court of common pleas lacked jurisdiction. Its judgment is void and is hereby vacated.

*Judgment accordingly.*

BLACK, P.J., DOAN and UTZ, JJ., concur.