282

JACKSON, DIR., DEPT. OF TRANSPORTATION, APPELLANT, v.
CHAPMAN ET AL., APPELLEES.

(No. 77-1089—Decided May 24, 1978.)

*Mr. William J. Brown,* attorney general, *Mr. Donald J. Guittar* and *Mr. Perry R. Silverman,* for appellant.

*Mr. Patrick F. Timmins, Jr.,* and *Messrs. Bavis & Bavis,* for appellees.

*Per Curiam.* Appellees admit they were circulating nominating petitions for, were elected to, and served as members of, a county (political party) central committee while employed as classified state civil servants.[3] This court held, in *Jackson* v. *Coffey* (1977), 52 Ohio St. 2d 43, 44, that "membership in a county central committee of a political party constitutes holding of public office * * *." The court went on to hold that "it is clear that such committee membership, *per se,* falls within the political activities proscribed for classified employees in R. C. 124.57." Therefore, under this court's holding in *Jackson* v. *Coffey, supra,* the actions of appellees constituted "political activities proscribed for classified employees" for which they were subject to removal.

The Court of Appeals, nevertheless, held that the Court of Common Pleas was without jurisdiction to entertain the director's appeal and dismissed his notice of appeal, citing as authority *State, ex rel. Osborn,* v. *Jackson, supra.* That case, however, dealt with an order of the Director of Transportation laying off an employee in the classified state service, and holds specifically that "the director of a state department does not have a right of appeal to the Court of Common Pleas of Franklin County from an order of the State Personnel Board of Review disaffirming the director's

[3]Stipulations before State Personnel Board of Review.

*layoff order of an employee for alleged lack of work.*" (Emphasis added.)

In the instant case, appellees were "removed" from their positions in the classified state service by the director. R. C. 124.34 provides that "in cases of *removal* * * * either the *appointing authority or the officer* or employee may appeal from the decision of the state personnel board of review * * * to the court of common pleas of the county in which the employee resides in accordance with the *procedure* provided by section 119.12 of the Revised Code." (Emphasis added.) Thus, the Director of Transportation is given the right to appeal from an adverse decision of the State Personnel Board of Review.

Accordingly, on authority of *State, ex rel. Osborn,* v. *Jackson, supra,* and *Jackson* v. *Coffey, supra,* the judgment of the Court of Appeals is reversed, and final judgment is entered for appellant, Director of Transportation.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

LOCHER, J., dissenting. I must respectfully dissent from the majority's opinion as it is a mere adherence to the anomalous result first espoused in *Jackson* v. *Coffey* (1977), 52 Ohio St. 2d 43. The majority's opinion first finds a violation of R. C. 124.57 and then summarily upholds the Director of Transportation's removal of the appellees. As in *Jackson, supra,* the effect of this decision is to strip the State Personnel Board of Review (board) of its legislatively vested discretion to reach a decision different from the appointing authority relative to the removal or suspension of a classified employee. R. C. 124.03. The abrogation of the board's discretion assigns to it the utility of merely being a rubber stamp of the appointing authority's decision as to removal or suspension. I am unfamiliar with any rule of statutory construction which, when applied to

the board's authority granted in R. C. 124.03, would compel the inference of legislative intent the majority's decision necessarily implies.

Moreover, the disastrous possibility of various appointing authorities assessing penalties of different severity for identical infractions portended in my dissent in *Jackson, supra*, has in the instant cause unfortunately become reality. The appointing authority in this cause, according to the record and stipulated facts, dismissed these two employees, but allowed a third employee, the supervisor of one of the dismissed employees, to retain his employment despite the fact that all three were engaged in similar political activity.* The majority's decision thus effectively bars the board from correcting this egregious and patently unjustifiable discrimination. The prevention of this pernicious situation was provided for by the General Assembly and its necessity has been aptly demonstrated by the instant cause.

---

*It was stipulated to the board that all three employees served as members on a county political party central committee.