DAVIS, APPELLEE, *v.* STATE PERSONNEL BOARD OF REVIEW ET AL., APPELLANTS.

(No. 3492—Decided April 11, 1984.)

*Michael Djordjevic* and *Lemmie Davis, pro se,* for appellee.

*Gregory A. White,* prosecuting attorney, and *John S. Keressi,* for appellants.

*Per Curiam.* Appellee, Lemmie Davis, was originally removed from his position as deputy sheriff with the Lorain County Sheriff's Department on November 25, 1981. Appellee subsequently appealed his removal to the State Personnel Board of Review.

On July 29, 1982, the State Personnel Board of Review affirmed appellee's removal. The court below reversed and modified specifically finding that the decision of the State Personnel Board of Review was not based on sufficient

evidence and was in fact against the manifest weight of the evidence.

The appeal before us is that of the Sheriff of Lorain County taken from the above judgment of the common pleas court.

The very first question that must be resolved is whether the sheriff has a right of appeal to this court. If there is no right of appeal to this court, it follows we are without jurisdiction to review the judgment of the common pleas court.

It has long been recognized that jurisdiction cannot be vested with a court that is without jurisdiction, even by agreement of the parties. Normally the attention of the court is directed to the question of its jurisdiction by motion of one of the parties to the appeal. This was not done in this instance. Instead, this court's attention was focused on that question at the time the appellee filed his brief when he said, "[T]he appellant has no standing to maintain this appeal and this court is without jurisdiction to hear this appeal." This again was brought to the court's attention in oral argument. If, as a practical matter, we determine we are without jurisdiction, the manner in which the objection is raised, not by specific motion in the court of appeals, but instead by his appellate brief, the challenge, in our opinion, would be timely and sufficient.

In other words, as noted in paragraph two of the syllabus in *State, ex rel. Lander,* v. *Prestien* (1916), 93 Ohio St. 423:

"It is not error for a court of appeals to sustain a motion to dismiss an appeal, for want of jurisdiction, filed after the cause has been submitted to the court upon its merits."

Our situation, if allowed, would permit dismissal without the filing of a motion to dismiss. The full significance of the second paragraph of the syllabus above is noted, however, in the last paragraph of that court's opinion at 427-428 when it said:

"The motion to dismiss in this case was interposed before judgment. The mere fact that the cause had been submitted upon its merits did not prevent that court from entertaining that motion, or, for that matter, dismissing the case *sua sponte,* if upon consideration it reached the conclusion that it had no jurisdiction on appeal."

In the instant case, even though not raised by a motion to dismiss, the question of the jurisdiction of this court to hear the appeal, consistent with the opinion in *Prestien, supra,* has been adequately brought to this court's attention.

We come now, then, to whether this court has jurisdiction to consider the sheriff's appeal.

The first paragraph of R.C. 124.34, in essence, as applicable herein says that the tenure of every employee in the classified service of a county shall be during good behavior and efficient service and no employee shall be removed except for the reasons noted therein. The sheriff's notice of removal of Davis confined the reasons for his removal to matters included in said first paragraph.

R.C. 124.34, rather than R.C. 119.12, also governs appeals from the removal or reduction of an officer for disciplinary reasons. *Harris* v. *Lewis* (1982), 69 Ohio St. 2d 577 [23 O.O.3d 485]; *Davis* v. *Bd. of Review* (1980), 64 Ohio St. 2d 102 [18 O.O.3d 345]. R.C. 124.34 specifically provides that the procedure in the R.C. 124.34 appeal to the common pleas court shall be in accordance with the procedure provided by R.C. 119.12. The Supreme Court has emphasized that the applicability of R.C. 119.12 in an R.C. 124.34 appeal is limited to procedure, *Jackson* v. *Chapman* (1978), 54 Ohio St. 2d 282 [8 O.O.3d 263], and that the forum provisions of R.C. 124.34 were intended to supersede those of R.C. 119.12. *Davis* v. *Bd. of Review, supra.* Pursuant to R.C. 124.34 the appointing authority is granted the right to appeal to the court of common pleas. *Jackson* v. *Chapman, supra.* The question before us is whether the ap-

pointing authority may also appeal to the court of appeals.

The right of appeal is not an inherent or inalienable right, but must be conferred by constitution or statute. *Corn* v. *Bd. of Liquor Control* (1953), 160 Ohio St. 9 [50 O.O. 479]. *Corn* considered the right of an agency to appeal, and *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41 [75 O.O.2d 132], considered the right of an appointing authority to appeal, under R.C. 119.12. Each case found that there was no right of appeal to the court of common pleas from the administrative decision, and neither opinion determined the right of a party with a statutory right of an appeal to the common pleas court to appeal an adverse decision to the court of appeals. The Supreme Court has distinguished *State, ex rel. Osborn, supra,* in R.C. 124.34 appeals. *Jackson* v. *Chapman, supra.*

It has been long established that an aggrieved party in the court of common pleas may appeal to the court of appeals. *Warren* v. *Cincinnati* (1959), 113 Ohio App. 254. R.C. 2505.03 provides for an appeal from every final order, judgment, or decree of a court, but does not provide for an appeal from an administrative agency. The Supreme Court has determined that a party to an R.C. 124.34 appeal in common pleas court also has a right to appeal to the court of appeals. *State, ex rel. Davies,* v. *Elyria* (1980), 62 Ohio St. 2d 443 [16 O.O.3d 460]. See, also, *In re Lauderbach* (1978), 63 Ohio App. 2d 157, 161 [17 O.O.3d 362]. The sheriff in this case did not appeal the administrative decision since it was in his favor. He was an appellee in the common pleas court, was so named in Davis' notice of appeal, participated in those proceedings, and filed briefs. The sheriff was therefore a party in the common pleas court, was adversely affected by the judgment of the common pleas court, and was a proper party to appeal pursuant to R.C. 2505.03. *In re*

*Removal of Taylor* (1961), 172 Ohio St. 394 [16 O.O.2d 248]. We conclude, therefore, that we have jurisdiction to hear this appeal and proceed to consider the assignments of error.

Assignments of Error 1 and 2

"1. The trial court erred to the prejudice of appellant sheriff and as a matter of law in determining that the order of the State Personnel Board of Review was not supported by reliable, probative and substantial evidence.

"2. The trial court erred to the prejudice of appellant sheriff and as a matter of law and had no statutory authority after having found the facts as stated in its entry under R.C. 119.12 to substitute its judgment for that of appellant sheriff by modifying the penalty imposed from removal to a 60 day suspension."

Davis was dismissed for failing to follow proper procedures in detaining and transporting a juvenile offender and for making sexual advances to the same person. After hearing evidence, the State Personnel Board of Review affirmed the dismissal. Davis appealed to the court of common pleas pursuant to R.C. 124.34. The common pleas court found that the board's decision was not supported by reliable, probative and substantial evidence and modified the dismissal to a sixty-day suspension. The sheriff appeals the court's decision.

It is uncontroverted that Davis stopped a Corvette driven by Richard Lovejoy on Route 57 in Lorain County at approximately 1:30 a.m. on November 16, 1981. It is also uncontroverted that a young woman was in the car with Lovejoy. Davis and Lovejoy agree that Lovejoy was backing up along the berm when the stop occurred; the woman testified that the car was proceeding forward at the time. It is uncontroverted that Davis radioed a vehicle and driver's license check, both of which showed no problems. It is also uncontroverted that

Davis asked the woman to identify herself, which she did, and gave her age as eighteen. Davis asked the woman to accompany him to his cruiser while he ran the license check, and it is uncontroverted that she did get in the cruiser. When the license check yielded no outstanding warrants, Davis instructed Lovejoy to drive to a nearby restaurant for some coffee. Davis testified that the woman got in the car with Lovejoy and that Davis followed them to the restaurant to make sure Lovejoy could drive properly. Lovejoy and the woman testified that she rode to the restaurant in the cruiser. Davis testified that he left the two people in Lovejoy's car at the restaurant and did not see them again that evening. The woman testified that Davis offered to drive her home, took her to a secluded area, made sexual advances which she resisted, then drove her to a street corner and dropped her off. She testified that she went into a nearby bar to use the bathroom, and was able to get a ride to her father's house with one of the patrons of the bar.

The woman was a resident of the Youth Services Group Home, was seventeen, and had run away that evening. She testified that she had told Davis her situation during the traffic stop. The woman and Lovejoy both admit that they had been drinking that evening. A waitress at the restaurant testified that Lovejoy came in alone between 1:30 a.m. and 2:30 a.m. and had a cup of coffee and left. The manager at the bar testified that the woman came in to use the bathroom after 2:15 a.m. A friend of Lovejoy testified that he recounted his story to her when he arrived at her house shortly after 2:30 a.m. The woman's father testified that she arrived at his house at about 3:00 a.m. and she recounted her story at that time.

The hearing officer found that the young woman was not credible, and that her story by itself was not believable. She also found that Lovejoy's veracity was at issue because he was a convicted felon, but that Davis was a credible witness. The hearing officer did find that the woman's testimony was corroborated by a waitress and Lovejoy's friend. The hearing officer concluded that it was established by a preponderance of the evidence that Davis:

"* * * transported a juvenile female, without notifying the Sheriff's Dispatcher as required by departmental policies and rules, to a location other than her parents' home or a detention home and attempted to engage in sexual conduct with this juvenile."

The common pleas court reviewed the record from the board of review and agreed that Davis was credible while the woman was not credible. The court also determined that Lovejoy was not a credible witness. The common pleas court determined that the decision of the board of review was not supported by reliable, probative, and substantial evidence, and modified the dismissal to a sixty-day suspension.

In defining the scope of review under R.C. 119.12, the Supreme Court observed:

"In *Andrews,* this court acknowledged that determining whether an agency order is supported by reliable, probative and substantial evidence essentially is a question of the absence or presence of the requisite quantum of evidence. Although this in essence is a legal question, inevitably it involves a consideration of the evidence, and to a limited extent would permit a substitution of judgment by the reviewing Common Pleas Court.

"In undertaking this hybrid form of review, the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative

body, which, as the factfinder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility. However, the findings of the agency are by no means conclusive.

"Where the court, in its appraisal of the evidence, determines that there exist legally significant reasons for discrediting certain evidence relied upon by the administrative body, and necessary to its determination, the court may reverse, vacate or modify the administrative order. Thus, where a witness' testimony is internally inconsistent, or is impeached by evidence of a prior inconsistent statement, the court may properly decide that such testimony should be given no weight. Likewise, where it appears that the administrative determination rests upon inferences improperly drawn from the evidence adduced, the court may reverse the administrative order." *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St. 2d 108, 111-112 [17 O.O.3d 65].

In this case both the hearing officer and the common pleas court found the chief witness to be incredible. The trial court also found Lovejoy to be incredible. While their testimony is buttressed by other witnesses, such other witnesses contribute nothing concerning the alleged sexual advances, whether the woman advised Davis of her age, or whether she had informed Davis that she had escaped from a group home. These facts are crucial to the board's findings on several of the charges of misconduct. Under the standards set out in *Univ. of Cincinnati v. Conrad, supra,* the common pleas court could properly reject the young woman's uncorroborated testimony on these charges. Upon finding that the decision of the board is not supported by substantial, reliable, and probative evidence, the court may modify the decision of the board. R.C. 119.12. We find no error in the action of the common pleas court, and overrule these assignments of error.

Assignment of Error 3

"The trial court erred to the prejudice of appellant sheriff and as a matter of law in rendering its judgment without affording appellant sheriff a hearing."

The record reveals that a hearing was had on October 12, 1982, and the parties were afforded the opportunity to file briefs. Accordingly, we overrule this assignment of error.

Assignment of Error 4

"The trial court erred to the prejudice of appellant sheriff and as a matter of law in ordering that appellee must be reinstated to his former position of deputy sheriff with the department."

The sheriff argues that the action of the common pleas court usurps the sheriff's duty to appoint his deputies under R.C. 311.04. The sheriff characterizes the court's reinstatement of Davis as an appointment, which of course it is not. Since Davis was serving as a deputy, we assume that he was properly appointed. Once appointed a deputy has certain rights to continued employment, and the action of the common pleas court pursuant to R.C. 124.34 merely protected those rights in this case. We find no conflict between the court's action and the sheriff's authority under R.C. 311.04.

Accordingly, we overrule this assignment of error and affirm the decision of the trial court.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.

HOFSTETTER, J., dissents.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

HOFSTETTER, J., dissenting. I vigorously and respectfully dissent from the majority opinion on the basis of the applicable statutes and controlling case law.

I agree with the majority that the right of appeal is not an inherent or inalienable right, but must be conferred by constitution or statute.

R.C. 124.34 authorizes appeal by the appointing authority or the officers or employees to the common pleas court in accordance with the *procedure* provided by R.C. 119.12. Neither R.C. 124.34 nor Chapter 124 defines "party."

Acknowledging the above, that R.C. · 119.12 provides the procedure for R.C. 124.34 appeals, it follows that before the correct procedure under R.C. 119.12 can be ascertained, we must look to the definitional section of R.C. Chapter 119, *i.e.*, R.C. 119.01, to understand the limitations of R.C. 119.12.

The procedural aspects of R.C. 119.12, in pertinent part, as they concern the issues now before this court are set forth only in the twelfth paragraph of R.C. 119.12 which reads as follows:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. *Such appeals may be taken either by the party or the agency* and shall proceed as in the case of appeals in civil actions as provided in sections 2505.01 to 2505.45 of the Revised Code. Such appeal by the agency shall be taken on questions of law relating to the constitu-tionality, construction, or interpretation of statutes and rules of the agency, and in such appeal the court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record. Such appeals may be taken regardless of the fact that a proceeding was pending prior to the amendment of this section expressly authorizing such appeals, provided such appeals are perfected by the filing of notice of appeal within the time prescribed by section 2505.07 of the Revised Code." (Emphasis added.)

A close review of the above reveals that the judgment of the common pleas court shall be final and conclusive unless reversed, vacated or modified on appeal. Such appeals, however, are limited either to the *party* or the *agency*.

To interpret the procedural intent of R.C. 119.12 as applied to actions authorized by R.C. 124.34, we must refer to the definitions in R.C. 119.01. They are as follows:

"(F) 'Person' means a person, firm, corporation, association, or partnership.

"(G) 'Party' means the person whose interests are the subject of an adjudication by an agency.

"(H) 'Appeal' means the procedure by which a person aggrieved by a finding, decision, order, or adjudication of any agency, invokes the jurisdiction of a court."

It is apparent from the above definitions that the reference to "party" in R.C. 119.12, based on (F), (G) and (H), of necessity is confined to the employee whose interests are the subject of an adjudication by an agency.

The meaning of the term "agency," as used in the twelfth paragraph of R.C. 119.12, is less clear. The term "agency" as used in portions of R.C. 119.12 seems to refer to that body from which an appeal is authorized to the common pleas

court, in this case the State Personnel Board of Review. If that construction is applied, only employee Davis, as the lone person falling within the definition of "party," and the State Personnel Board of Review, as the "agency," are privileged to appear. As the State Personnel Board of Review filed no notice of appeal, it is not necessary to address its interest, if any, as an agency.

The sheriff, on the other hand, appealed. In his reply brief he contends that he cannot, in any sense, be considered an agency. I agree. His appeal rights to this court then, if any, must be bottomed on his being classified as a "party."

For this court to have jurisdiction to hear the sheriff's appeal from the judgment of the common pleas court it must be concluded that the sheriff is a "party" within the meaning of that term as defined in R.C. 119.01. I am unable to do so.

Returning to the twelfth paragraph of R.C. 119.12, I note further that the language authorizing appeal from the common pleas court to the court of appeals is singular, not plural, in nature. Thus, it states "* * * appeals may be taken either by *the party* or the agency * * *." (Emphasis added.) If it were intended by the legislature that the sheriff, defined as the "appointing authority" for purposes of R.C. 124.34, should also be a "party" for purposes of R.C. 119.12, then the twelfth paragraph of R.C. 119.12 should read that appeals may be taken either by *a* party or the agency, and not by *the* party, which by definition in R.C. 119.01(G) limits the term "party" only to the person whose interests are the subject of an adjudication by an agency.

Both the appellant and appellee cite *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41 [75 O.O.2d 132], as support for their respective positions. I find it is the authority necessary for determination of whether this court has jurisdiction over this appeal.

*Osborn, supra,* was a mandamus action resolved in the Supreme Court which held, in effect, that the Director of Transportation did not have a right to appeal the decision of the State Personnel Board of Review to the common pleas court. That issue, however, is not before us. The importance of *Osborn* lies in its interpretation of what R.C. 119.01(F) and (G) mean, which decision as to meaning must be followed in the case *sub judice.*

The opinion in *Osborn* includes the following at 49-50:

"The word *party* is defined by statute. A *party* is '[t]he *person* whose interests are the subject of an adjudication by an agency.' R.C. 119.01(G).

"The Administrative Procedure Act defines *person* as 'a person, firm, corporation, association, or partnership.' R.C. 119.01(F).

"To be a *party* one must first be a *person.* The Administrative Procedure Act's definition of the word *person* does not include the state. Nor does it include any state agency. Nor does it include the director of any agency. Nor is the state on the relation of any department, director or agency a *person.*

"If the General Assembly had intended to give the director of a state department or the state on relation of the director a right of appeal, it could have done so. It did not. In fact, the General Assembly gave both the employee and the director a right of appeal in those instances where it so intended and did not give the right of appeal where it so intended. In R.C. 124.34, the pertinent language reads as follows:

" 'In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the State Personnel Board of Review * * * to the Court of Common Pleas of the county in which the employee resides in accordance with the procedure provided by Section 119.12 of the Revised Code.' "

Further, the majority opinion cites *Harris* v. *Lewis* (1982), 69 Ohio St. 2d 577 [23 O.O.3d 485]. I find it totally inapplicable. At issue was which common pleas court should constitute the proper forum for an appeal to the common pleas court. *Harris* has no relevance to the issue at bar.

The majority also cites *Jackson* v. *Chapman* (1978), 54 Ohio St. 2d 282 [8 O.O.3d 263]. I agree that R.C. 124.34 provides, in cases of removal, that either the appointing authority or the officers or employee may appeal from the decision of the State Personnel Board of Review to the common pleas court pursuant to the procedure provided by R.C. 119.12. This right to appeal, however, is not in dispute. Such appeal has already been taken and is not an issue in this appeal. The question is the limitation imposed on further appeal to the court of appeals by R.C. 119.12, when the "party," as defined in R.C. 119.01, has not appealed. The sheriff, who does not fall within the definition of "party" under R.C. 119.01, is not procedurally qualified to appeal to the court of appeals. Support for my reasoning for the above statement comes from *Davis* v. *Bd. of Review* (1980), 64 Ohio St. 2d 102 [18 O.O.3d 345], cited by the majority. *Davis* deals primarily with the question of the appropriate common pleas forum on appeal. The more *significant* aspect of *Davis, supra,* however, is the following quotation near the end of the opinion at 106, as follows:

"As further support for our decision in this case, we note that, while the appointing authority has a right of appeal in removal cases under R.C. 124.34, see *Scott* v. *Reiner* (1979), 58 Ohio St. 2d 67, an appointing authority does not fall within the definition of 'party' as used in R.C. 119.12, and thus has no right of appeal under that section. *State, ex rel. Osborn,* v. *Jackson* (1976), 46 Ohio St. 2d 41. * * *"

The majority also states the Supreme Court determined in *State, ex rel.*

*Davies,* v. *Elyria* (1980), 62 Ohio St. 2d 443 [16 O.O.3d 460], that a party to an R.C. 124.34 appeal in common pleas court also has a right to appeal to the court of appeals. I agree that anyone who constitutes a "party" has that right under R.C. 124.34. That is the basis for my dissent. "Party," as it was discussed in the *Davies* case, was the aggrieved person as defined by R.C. 119.01. The *Davies* decision, therefore, has no application herein, where the sheriff, by definition, is not a party.

The majority suggests that the sheriff was a "party" in the common pleas court, and being adversely affected by the judgment of the court, was a proper party to appeal pursuant to R.C. 2505.03. The majority cites *In re Removal of Taylor* (1961), 172 Ohio St. 394 [16 O.O.2d 248], as support. That case involved an appeal from a decision of a *municipal* civil service commission. The distinction between that case and the one at issue is that the case *sub judice* was not a municipal civil service case, but rather one involving a sheriff's employee whose appeal was to the state Civil Service Commission. Judge C. William O'Neill, as part of his opinion, stated the following at 395:

"This court does not agree with the contention of Taylor that Section 119.12, Revised Code, is applicable to this appeal. Section 119.01, Revised Code, defines the agencies to which Section 119.12 is applicable. Reference is made in Section 119.01 to the civil service commission, but a careful reading of both sections makes it clear that this reference is to the state Civil Service Commission and not to a municipal civil service commission."

I am of the impression that the reliance placed by the majority on *Taylor, supra,* that the sheriff is a proper party to appeal by reason of R.C. 2505.03, is misplaced.

The construction and meaning of R.C. 124.34 and 119.12 as interpreted with the help of the Supreme Court in

*Osborn, supra,* leads me to the inescapable conclusion that the court of appeals is without authority to hear the sheriff's appeal from the judgment of the common pleas court.

As I believe we are without authority to address the assignments of error, I would dismiss the appeal.