336

(No. 198—Decided February 17, 1965.)

*Mr. Russell C. Price,* for appellant Max C. Zeigler.
*Mr. William B. Saxbe,* attorney general, and *Mr. John M. Walsh,* for appellee.

YOUNGER, P. J.   Max C. Zeigler, the appellant herein, was a certified employee of the State Highway Department in the classified service, bearing the classification of Auto Mechanic II under Chapter 143 of the Revised Code known as the Civil Service Act.   He was so employed beginning August 1, 1960, and resided at 202½ West Crawford Street, Upper Sandusky, in Wyandot County.   On April 24, 1963, he was laid-off for reasons of economy according to the testimony of the appointing authority.

Following his lay off he filed an appeal with the State Personnel Board of Review for the state of Ohio and that board affirmed the action of the Director of Highways in the lay off of the appellant, and within fifteen days he filed notice of appeal with the State Personnel Board of Review and a copy in the Court of Common Pleas of Wyandot County.

The State Personnel Board of Review filed a motion to dismiss the appeal for the reason that appellant failed to per-

fect the appeal in accordance with Section 119.12, Revised Code, in that the appellant chose the wrong forum, namely, the Court of Common Pleas of Wyandot County instead of the Court of Common Pleas of Franklin County, in which to file his appeal. The court sustained this motion for the reasons given and dismissed the appeal. The appellant has now appealed to this court.

The appellant bases his right to appeal to the Common Pleas Court of Wyandot County upon the following provision contained in Section 143.27 of the Revised Code:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the State Personnel Board of Review or the commission to the Court of Common Pleas of the county in which the employee resides in accordance with the procedure provided by Section 119.12 of the Revised Code."

It is the contention of the appellee that this right to appeal to the Court of Common Pleas of the county in which the employee resides is limited to cases of removal for disciplinary reasons or of reduction in pay for disciplinary reasons. The appellant interprets it to mean in cases of removal for any cause or of reduction in pay for disciplinary reasons.

The claim of the appellant is strengthened by the decision of the Court of Appeals of the Fifth Appellate District in *In re Appeal of Nelson* (Morgan County, No. 91), recently decided and which is now being appealed to the Supreme Court. The action of the appointing authority was the same as in our case— laid-off for reasons of economy. In that case the court held as follows:

"It is our finding that the 'or' was intended to be used, by the Legislature, in its true sense as a 'disjunctive conjunctive.' The dictionary defines disciplinary reasons as being those intended for or serving the ends of correction. Such reasons have reference to measures taken against one being retained. We do not believe the Legislature intended the term 'disciplinary reasons' to be a limitation upon the word 'removal,' which is for the purpose of getting rid of, rather than correcting, whether the removal be for misconduct or for reasons of economy, * * *."

The court then held that the employee appellant, being a resident of Morgan County, properly filed his appeal in that county and that the Common Pleas Court had jurisdiction.

We cannot agree with that holding. The words "removal" and "laid off" are not synonymous. In Section 143.03, Revised Code, entitled "Method of appointments; removals," the Legislature has used the following words:

"No person shall be appointed, removed, transferred, laid off, suspended, reinstated, promoted, or reduced as an officer or employee," etc.

If "laid off" is the same as "removed" there would have been no necessity for the Legislature to include the words "laid off." In Webster's Third New International Dictionary "removal" is defined as "dismissal from office," and "lay off" is defined as follows: "to cease to employ (a worker) usu. temporarily because of slack in production and without prejudice to the worker—usu. distinguished from *fire*."

In the case of *State, ex rel. Oliver,* v. *State Civil Service Comm.,* 168 Ohio St. 445, the Supreme Court, in a *per curiam* opinion, states:

"* * * The respondent Civil Service Commission is an 'agency' as defined by Section 119.01, Revised Code, and its orders are appealable to the Court of Common Pleas under authority of Section 119.12, Revised Code, providing in part that 'any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the Court of Common Pleas of Franklin County.' * * *"

The court further states:

"* * * The Administrative Procedure Act, Chapter 119, Revised Code, providing for appeal from an order of an agency to the Court of Common Pleas was enacted subsequent to the Civil Service Act and would govern if there were an inconsistency."

In the recent case of [*State, ex rel.*] *Kendrick,* v. *Masheter,* 176 Ohio St. 232, in which the writer of this opinion concurred as a member of the court sitting by designation, the Supreme Court held as follows:

"1. The State Personnel Board of Review has jurisdiction under Section 143.012, Revised Code, to hear, in accordance with the applicable procedural requirements of Chapter 119,

Revised Code, appeals by employees in the classified state service from final decisions of appointing authorities relative to layoff.

"2. An order of the State Personnel Board of Review issued on appeal from a final decision of an appointing authority relative to layoff is appealable to the Court of Common Pleas of Franklin County pursuant to the provisions of Section 119.12, Revised Code."

The Supreme Court in that case has held that an appeal from a lay off may be brought from the State Personnel Board of Review to the Court of Common Pleas of Franklin County. It does not, however, hold that the Court of Common Pleas of Franklin County is the exclusive forum to which such appeal may be taken. However, based upon the reasons here given and the authority cited, we hold that an appeal from the board from a lay-off order is exclusively to the Court of Common Pleas of Franklin County and that the order of the Common Pleas Court of Wyandot County in dismissing the appeal must be affirmed.

The paragraph from Section 143.27, Revised Code, quoted above is new matter which was added to this section effective October 27, 1961. The original section has been traced back to 1915 and throughout its legislative history has applied only to acts of the employee over which he could exercise some personal control, and, for instance, applied to incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, etc. It never applied to transfers or lay offs, etc., as provided for in Section 143.03, Revised Code, those being acts or conditions over which the employee had no individual control. We conclude, therefore, that the special appeal to the Common Pleas Court of the county of residence of the employee is limited to actions for disciplinary reasons and does not apply to appeals relative to lay offs.

It follows that, since this decision is in conflict with the case of *In re Appeal of Nelson, supra,* decided by the Fifth Appellate District Court of Appeals, Morgan County No. 91, it will, because of such conflict, be certified to the Supreme Court for review and final determination.

*Judgment affirmed.*

MIDDLETON and GUERNSEY, JJ., concur.