IN RE STANLEY.

(No. 77AP-747—Decided February 7, 1978.)

Messrs. *Lucas, Prendergast, Abright, Gibson, Brown & Newman, Mr. Peter J. Gee* and *Mr. Robert J. Walter,* for appellant Joseph W. Stanley.

Mr. *Lawrence H. Braun,* for appellee Columbus Board of Education.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas dismissing

appellant's appeal from an order of the Columbus Civil Service Commission modifying the appointing authority's discharge of appellant to a suspension from the effective date of discharge "until such time as paperwork can be accomplished restoring him to duty." Appellant raises a single assignment of error, as follows:

"The Court of Common Pleas erred in dismissing for lack of jurisdiction the appeal of a regular non-teaching school employee from a decision of the Columbus Civil Service Commission wherein the Commission modified the action of the Board of Education discharging the appellant to a suspension because the Court of Common Pleas does have jurisdiction to review the appeal."

R. C. 124.34 provides for an appeal by an employee in the classified service of a city school district to the municipal civil service commission in any case of reduction, suspension of more than five working days, or removal. R. C. 124.34 further provides that:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of * * * the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

The issue before us is whether the right to appeal—that is, the nature of the case as one of removal or reduction in pay for disciplinary reasons—is determined by the initial action of the appointing authority or by the action of the civil service commission upon appeal to it. The trial court apparently found that the nature of the case is determined by the order of the civil service commission, rather than by the order of the appointing authority, relying upon *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207.

The *Anderson* case has no application herein, inasmuch as the original action by the appointing authority was a suspension for a period of five days or less, and the Supreme Court held that, under such circumstances, the employee has no right of appeal to the state personnel board of review or municipal civil service commission in

accordance with the express terms of R. C. 143.27 (now R. C. 124.34).

The determination that the character of a case—whether it involves removal or concerns reduction—from the action of the appointing authority is mandated by that portion of R. C. 124.34 which confers a right of appeal upon the appointing authority, as well as the employee, in cases of removal or reduction in pay for disciplinary reasons. Otherwise, there could never be an effective appeal by an appointing authority, since it is only when the action of the civil service commission is either to reverse or modify the action of the appointing authority that such an appeal could be taken, and the order of the civil service commission would not be that of removal or reduction in pay but, instead, would be an order of reinstatement with or without a period of suspension. Although not expressly deciding the issue, this result is indicated by *State, ex rel. Bingham,* v. *Riley* (1966), 6 Ohio St. 2d 263, and *State, ex rel. Stough,* v. *Bd. of Edn.* (1977), 50 Ohio St. 2d 47. *Stough* involved almost the identical circumstances to those herein involved, except that the appointing authority refused to reinstate the employee, and a writ of mandamus was granted ordering such reinstatement, the Supreme Court stating at the beginning of its *per curiam* opinion, at page 48: "Since no appeal was taken by the board from the order of the civil service commission, that order is final and conclusive unless it is void and there-fore subject to collateral attack."

In *Diebler* v. *Denton* (1976), 49 Ohio App. 2d 303, the Court of Appeals apparently reached a contrary conclusion, holding, with respect to a state employee, that the appeal, under similar circumstances, should be to the Court of Common Pleas of Franklin County, rather than to the Court of Appeals of the county of residence. However, in *In re Termination of Employment* (1974), 40 Ohio St. 2d 107, the Supreme Court held that an appeal by the appointing authority from an order of the state personnel board of review ordering the reinstatement of an employee discharged by the appointing authority is properly taken

to the county in which the affected employee resides.

We, therefore, determine that the nature of the case, as being one of removal or reduction in pay, is determined by the action of the appointing authority, so that pursuant to R. C. 124.34 the affected employee may appeal to the Court of Common Pleas of the county in which he resides, from the action of the municipal civil service commission, even though the action of that commission be one to modify the order of the appointing authority to a suspension for a period of more than five working days.

Appellant further contends that, even if an appeal is not afforded him by R. C. 124.34, he is afforded a right of appeal by R. C. 2506.01, which provides that:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.-45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding."

The Ohio Supreme Court has expressly held that R. C. 2506.01 affords a remedy of appeal from an adjudication by a municipal civil service commission. *State, ex rel. Steyer,* v. *Szabo* (1962), 174 Ohio St. 109; *State, ex rel. Fagain,* v. *Stork* (1963), 174 Ohio St. 330. See also *In re Locke* (1972), 33 Ohio App. 2d 177. The proceedings of the munici-

pal civil service commission herein involved notice, a hearing, and the opportunity for the introduction of evidence and, accordingly, constituted a quasi-judicial proceeding appealable pursuant to R. C. 2506.01. See *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, and *DeLong* v. *Board of Edn.* (1973), 36 Ohio St. 2d 62. The Supreme Court has recognized that an employee may be afforded a remedy of appeal by other statutes even though not afforded such remedy by R. C. 124.34. See *In re Removal of Zeigler* (1965), 4 Ohio St. 2d 46, affirming 1 Ohio App. 2d 336, for the reasons stated in the Court of Appeals decision.

We, therefore, find that, even if we be incorrect in our determination that appellant properly perfected an appeal from the municipal civil service commission pursuant to R. C. 124.34, appellant's appeal was properly perfected pursuant to R. C. 2506.01, and the Common Pleas Court erred in dismissing the appeal upon the grounds that it had no jurisdiction thereof. Accordingly, the assignment of error is well taken.

Appellant suggests that this court should review the record of the civil service commission and enter an order reversing its decision. We do not feel that, under the circumstances of this case, it is appropriate for this court to review the decision of the civil service commission until after the Common Pleas Court has rendered a decision upon the merits in consideration of the record on appeal as well as any additional evidence, if any, that that court may allow pursuant to statute.

For the foregoing reasons, the assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

REILLY and McCORMAC, JJ., concur.