RUPRECHT, APPELLANT, *v.*
CITY OF CINCINNATI ET AL., APPELLEES.

(No. C-780070—Decided March 28, 1979.)

*Mr. Drake W. Ebner,* for appellant.
*Mr. Thomas A. Luebbers,* city solicitor, and *Ms. Patricia W. Morrison,* for appellees.

*Per Curiam.* This action was commenced by appellant Edward Ruprecht who at the time was a Cincinnati police officer. He appealed a disciplinary action taken by the appointing authority to the Civil Service Commission of the city of Cincinnati. The Commission sustained the action of the ap-

pointing authority, which was an official reprimand and the loss of five off days. Ruprecht appealed to the Court of Common Pleas and the city of Cincinnati filed a motion to dismiss the appeal on the ground that the court below lacked jurisdiction. The motion was denied. The city then filed a motion for summary judgment on the grounds that there was no issue as to any material fact and that the decision of the Commission was supported by a preponderance of reliable, probative and substantive evidence. The court below granted that motion. Thereafter, appellant in a timely fashion filed his notice of appeal to this court. Appellees cross appealed on the basis of the trial court's ruling on the motion to dismiss. After several delays, the appellees filed their brief on the cross appeal the appellant not having filed his brief even though a sixty day extension to file the brief was granted by this court.

The appellate process was initiated January 25, 1978, and on October 14, 1978, appellant resigned from the Cincinnati Police Division. Under most circumstances this would require our dismissal of the case as being moot. However, there are exceptions to this general rule, and we believe that the issues raised by appellees' two assignments of error are of sufficient public interest and could conceivably involve the rights of several thousand police and firemen and the appointing authorities in this jurisdiction. We are adopting the reasoning of this court in the case of *Overesch* v. *Campbell* (1953), 95 Ohio App. 359. In that case, a taxpayer's action was brought alleging that the county commissioners had accepted a bid which was higher than other bids made upon identical specifications. The remedy sought was an injunction. The trial court sustained defendants' demurrer to the petition and an appeal was prosecuted to this court. During the intervening elapsed time, through an apparent misunderstanding, the transaction was completed even though the appeal was pending. It was argued by the defendants in that case that the appeal should be dismissed because the case had become moot. This court rejected that theory and held that an appellate court may retain an appeal for a hearing and determination if it involves questions of public interest even though it has become moot so far as the parties of the particular action are concerned. We so hold in the case *sub judice*.

Appellees' cross appeal assigns two errors which will be discussed *seriatim.* The first assignment of error urges:

"The trial court erred in ruling that a policeman [is] entitled to appeal the loss of five off days."

R. C. 124.34 sets forth the conditions of tenure of public employees and provides for appeals, in certain instances, to the Civil Service Commission and the Court of Common Pleas, as set forth procedurally in R. C. 119.12. The employment rights of all public employees, including the rights of police and firemen, are limited by the statutory language. It should be noted, however, that police and firemen are given special rights as distinguished from public employees generally. For example, public employees other than police and firemen may appeal an order of the appointing authority of a reduction in grade, a suspension of *more than five working days* or a removal from office to the Civil Service Commission or State Personnel Board of Review as is applicable. In the case of fire and police officers, there is no such limitation relating to suspension. They have a right to appeal to the Civil Service Commission where any period of suspension or demotion or removal is ordered by the appointing authority.

The courts of this state have consistently held that civil service laws are rights created purely by statute, are in derogation of the common law employer-employee relationship, and cannot be extended by the application of common law principles. The statutes have been strictly construed. For example, in the case of *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207, a social worker in a county welfare department sought to appeal a suspension of five days to the Court of Common Pleas. R. C. 143.27, which has since been renumbered 124.34, provides that where an employee has been *removed or reduced in grade,* either the appointing authority or the employee may appeal a decision of the State Personnel Board of Review or the Civil Service Commission to the Court of Common Pleas of the county in which the employee resides. The court in that case held that the employee had no right to appeal a suspension of five days to the Court of Common Pleas, and a complaint filed in such court seeking to test the legality of such an order of the appointing authority did not state a cause of action for which relief could be granted. In the case of *Diebler* v.

*Denton* (1976), 49 Ohio App. 2d 303, the court ordered the dismissal of appeals where employees had been suspended for a period of ninety days, holding that R. C. 124.34 provides for an appeal to the Common Pleas Court only in cases of removal or reduction for disciplinary reasons. In *Klosterman* v. *Payne,* unreported, First Appellate District, No. C-75044, decided Oct. 27, 1975, we considered a case involving the appellate rights of civil service employees as set forth in R. C. 124.34. We held, at page 2, as follows:

"This creature of statute must be strictly construed and since it affords the right of appeals in instances of 'more than five working days,' it must follow that the statute does not apply to this appellant."

Applying these principles, we come then to what we consider to be the nub of the issue presented in the first assignment of error, *i.e.,* does a disciplinary action ordering a loss of off days equate with or become synonymous with a suspension. We are of the opinion that there is a distinct difference. The statute does not provide a right of appeal for all disciplinary actions and, in the case at bar, appellant was not suspended or removed from the payroll but, rather, was ordered to forfeit off days. Given the clear pronouncements of strict interpretation, we are not inclined to expand the statutory limitations. The appellant was not suspended, demoted or removed from office and as a consequence he has no right of appeal under the statute. We find the first assignment of error to be well taken.

The second assignment of error urges that the trial court erred in ruling that a policeman has an independent right to appeal the loss of five off days under R. C. 2506.01. This court in *Klosterman* v. *Payne, supra,* at 4, spoke directly to the issue presented by the second assignment of error. In that case we said:

"R. C. 124.34 must be considered as a special statute specifically dealing with the suspension of civil service employees and their rights of appeal therefrom."

R. C. 2506.01 is a general statute dealing with appeals from various bodies. Under such circumstances, R. C. 124.34 prevails and is exclusively applicable. We cite, in support of that reasoning, the first paragraph of the syllabus in the case

of *Acme Engineering Co.* v. *Jones* (1948), 150 Ohio St. 423. The Supreme Court held:

"A special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general provision. (*State, ex rel. Steller et al., Trustees,* v. *Zangerle, Aud.,* 100 Ohio St., 414, and paragraph one of the syllabus in *State, ex rel. Elliott Co.,* v. *Connar, Supt.,* 123 Ohio St., 310, approved and followed.)"

On the authority of *Klosterman* v. *Payne, supra,* we sustain the second assignment of error.

For the reasons given above we reverse the decision of the Court of Common Pleas to the extent that the appellees' motion to dismiss the appeal was overruled by that court. We therefore take that action which the court below should have taken under the authority of App. R. 12(B) and enter a final judgment for the appellees, granting their motion to dismiss the appellant's appeal.

*Judgment reversed.*

BETTMAN, P. J., CASTLE and BLACK, JJ., concur.