NICHOLS, Appellant,

v.

CIVIL SERVICE COMMISSION OF COLUMBUS, Appellee.

HUNT, Appellant,

v.

CIVIL SERVICE COMMISSION OF COLUMBUS, Appellee.

FEYH, Appellant,

v.

CIVIL SERVICE COMMISSION OF COLUMBUS, Appellee.

[Cite as *Nichols v. Columbus Civ. Serv. Comm.* (1996), 109 Ohio App.3d 344.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 95APE06–746 to 95APE06–748.

Decided Feb. 13, 1996.

*Robert P. DiRosario,* for appellants.

*Ronald J. O'Brien,* City Attorney, and *Alan P. Varhus,* for appellee.

DESHLER, Judge.

Appellants, Aaron A. Nichols, John M. Hunt, and Dennis Feyh, appeal from a judgment of the Franklin County Court of Common Pleas dismissing, for lack of jurisdiction, their appeal from a decision of appellee Civil Service Commission of Columbus ("commission").

Appellants were first employed by the city of Columbus, Division of Police, Department of Public Safety, as Columbus police officers beginning on April 10, 1994. Pursuant to usual police hiring practice, appellants were assigned to a training class attending the Columbus Police Training Academy and subject to a one-year probationary period. On August 12, 1994, each of the three appellants was served with a "probation termination report," which contained the following information:

"This employee is being terminated for the following reason(s):

"Would be charged with the following rule violations:

"Rule 1.03 violation of rules

"Rule 1.30 withholding information

"Rule 1.36 unbecoming conduct"

Beyond this notice of termination, appellants were granted no further hearing in relation to their discharge from the Division of Police.

Appellants filed their appeals with the commission on August 18, 1994. The commission dismissed each appeal without a hearing due to lack of jurisdiction. Appellants then filed a notice of appeal and "request for trial *de novo*" in the Franklin County Court of Common Pleas. The court granted appellee's motion to dismiss, based on a lack of subject matter jurisdiction. The court held that Section 149(*o*) of the Columbus City Charter ("C.C.C.") expressly states that there may be no appeal by an employee terminated during his or her probationary period and that appellants were probationary employees at the time they were discharged from the police academy.

Appellants have timely appealed and bring the following assignments of error:

"1. That the decision and entry dated May 15, 1995, of the Franklin County Court of Common Pleas are contrary to law in stating that appellants, police officers of the city of Columbus, are not classified employees and are not entitled to relief pursuant to Section 124.34, Ohio Revised Code.

"2. That the decision and entry dated May 15, 1995, of the Franklin County Court of Common Pleas are contrary to law in stating that only tenured employees of the city of Columbus are subject to the appeal provisions of Sections 108 and 149 of the Columbus City Charter.

"3. That the decision and entry dated May 15, 1995, of the Franklin County Court of Common Pleas are contrary to law in stating that the appellants, Columbus police officers, are not entitled to a trial de novo with the burden of proof being upon the appointing authority."

In addressing appellants' first assignment of error, we note preliminarily that appellants correctly point out that the court of common pleas erred in stating, in its decision, that appellants were not classified employees of the city of Columbus. Section 148 of the C.C.C. provides that the classified civil service shall include all positions not specifically defined as unclassified elsewhere in the charter. None of the enumerated types of unclassified employees pertain to appellants as police officers, and appellants were therefore classified employees under the C.C.C. Appellee concedes as much upon appeal.

This erroneous determination by the court of common pleas, however, is not necessarily of consequence. Appellants base their asserted right of appeal upon R.C. 124.34, providing as follows[1]:

"In the case of the suspension for any period of time, or demotion, or removal of a chief of police or a chief of a fire department or any member of the police or fire department of a city or civil service township, the appointing authority shall furnish such chief or member of a department with a copy of the order of suspension, demotion, or removal, which order shall state the reasons therefor. Such order shall be filed with the municipal or civil service township civil service commission. Within ten days following the filing of such order such chief or member of a department may file an appeal, in writing, with the municipal or civil service township civil service commission. In the event such an appeal is filed, the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty day from and after its

---

1. Appellants have argued before this court only in reliance upon a right of appeal granted under R.C. 124.34, although the initial appeal before the court of common pleas was apparently also sought under the more general provisions of R.C. 2506.01. It appears to be an unsettled issue in Ohio whether police officers are restricted to appeal under R.C. 124.34, or whether a concurrent right of appeal exists under R.C. 2506.01. See *Ruprecht v. Cincinnati* (1979), 64 Ohio App.2d 90, 18 O.O.3d 60, 411 N.E.2d 504; *In re Stanley* (1978), 56 Ohio App.2d 1, 10 O.O.3d 15, 381 N.E.2d 212; *In re Locke* (1972), 33 Ohio App.2d 177, 62 O.O.2d 276, 294 N.E.2d 230; *Pedicino v. Civ. Serv. Comm. of Aurora* (Dec. 16, 1983), Portage App. No. 1296, unreported, 1983 WL 6024. Nonetheless, appellants have argued only their right to appeal under R.C. 124.34, and have not briefed any issues under R.C. 2506.01 *et seq.*, and rights under the latter will accordingly not be addressed or decided in this decision.

filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority. An appeal on questions of law and fact may be had from the decision of the municipal or civil service township civil service commission to the court of common pleas in the county in which such city or civil service township is situated. Such appeal shall be taken within thirty days from the finding of the commission."

Appellee responds that, under home rule principles, the provisions of C.C.C. Section 149(o) supersede the provisions of R.C. Chapter 124. C.C.C. Section 149(o) provides as follows:

"No original appointment shall be permanent until after appointment from an eligible list and expiration of the probationary period. The service of any employee serving pursuant to an original appointment may be terminated by the appointing authority at any time during the probationary period or at the end of the probationary period by submitting a written report to the commission and the employee specifying the reason the employee is found to be unsatisfactory and such removal shall be final. * * * There shall be no appeal of any kind from the action of the appointing authority removing an employee during or at the end of the probationary period."

C.C.C. Section 149(o) and R.C. 124.34 conflict in several pertinent respects, most crucially in this case with respect to a right of appeal. Section 3, Article XVIII of the Ohio Constitution is known as the Home Rule Amendment, and provides that "municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The Ohio Supreme Court has recently held that "the appointment of officers within a city's police department constitutes an exercise of local self-government within the meaning of the Home Rule Amendment." *State ex rel. Meyers v. Columbus* (1995), 71 Ohio St.3d 603, 606, 646 N.E.2d 173, 175. The court of common pleas therefore correctly concluded that the provisions of C.C.C. 149(o) govern the dismissal of appellants during their probationary period, and no appeal to the commission, or from the commission to the court of common pleas, is available to appellants as their termination was without recourse during their probationary period.

We therefore find that, regardless of whether the court of common pleas mischaracterized appellants as unclassified employees, C.C.C. Section 149(o) is applicable to appellants as probationary employees in the Division of Police, and the court of common pleas did not err in dismissing the appeal for lack of jurisdiction. Appellants' first assignment of error is overruled.

■ Appellants' second assignment of error alleges that under C.C.C. Section 108, 109, and 149–1, appellants were entitled either to a hearing before the chief of police under C.C.C. Section 108, or an appeal to the commission under C.C.C. 109 or 149–1. All of these sections must be read in conjunction with C.C.C. 149(*o*); any attempt to establish a right of appeal through other code sections would render the express denial of an appeal under 149(*o*) meaningless. The very nature of the probationary process is to allow time to establish the fitness of a candidate for police service, and this process necessarily will involve the elimination of some candidates. The charter clearly contemplates more limited recourse in the event of discharge of probationary employees, as opposed to tenured employees; we therefore find that rights expressed under C.C.C. Section 108, 109, and 149–1 are not applicable to appellants. We accordingly find that the court of common pleas did not err as to the basis of appellants' right to appeal under the above-cited sections, and appellants' second assignment of error is overruled.

Appellants' third assignment of error addresses the procedural aspects of an appeal granted to discharged police officers under R.C. 124.34. Because we have held above that no appeal under that section is appropriate, appellants' third assignment of error will not be further addressed and is overruled.

In accordance with the foregoing, appellants' first, second and third assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas dismissing appellants' appeal is affirmed.

*Judgment affirmed.*

PETREE, J., concurs.

TYACK, J., dissents.

TYACK, Judge, dissenting.

Since I do not believe that the Division of Police complied with Columbus City Charter ("C.C.C.") Section 149(*o*), I do not believe that the Division of Police can avail itself of C.C.C. Section 149(*o*)'s provision taking away the right of appeal granted to classified civil servants. Therefore, I respectfully dissent.

C.C.C. Section 149(*o*), set forth above, requires the submission of a written report to the commission and the employee. The written report must specify the reason that the employee is found to be unsatisfactory. The written report for these three officers does not specify why the officers are unsatisfactory. Instead, it claims that some unmentioned entity would charge or allege that the officers had violated three enumerated rules. The officer, upon reading the report, is clueless as to why he or she is losing his or her job, especially given the rules

mentioned. The public is clueless as to why people who were once thought to be acceptable for public service are now thought to be unacceptable.

In an entity which has generated significant controversy about its hiring and firing practices, firing for no discernible reason is not a good thing. At best, such firing breeds anxiety among those who remain, because if a fellow officer can be fired for no known reason, then they could be next. At worst, the lack of a reason could conceal an act of discrimination.

As a result, I believe that a hearing before the Civil Service Commission of Columbus is required unless the Division of Police can and does specify in writing why these three officers are unsatisfactory. Since that has not occurred to date, I respectfully dissent from this court's decision finding no hearing necessary.