[Cite as *Baron v. Dayton Civ. Serv. Bd.*, 2013-Ohio-4723.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

ROBERT J. BARON                                    :

    Plaintiff-Appellee                         :        C.A. CASE NO.    25682

v.                                                 :        T.C. NO.    11CV2966

CIVIL SERVICE BOARD                                :            (Civil appeal from
OF THE CITY OF DAYTON, et al.                              Common Pleas Court)

    Defendant-Appellant                        :

                                                   :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the _____25th_____ day of _____October_____, 2013.

· · · · · · · · · ·

RICHARD T. BUSH, Atty. Reg. No. 0020899, 16 Wick Avenue, Suite 400, P. O. Box 849, Youngstown, Ohio 44501
       Attorney for Plaintiff-Appellee

THOMAS M. GREEN, Atty. Reg. No. 0016361, 800 Performance Place, 109 N. Main Street, Dayton, Ohio 45402
       Attorney for Defendant-Appellant The City of Dayton

CIVIL SERVICE BOARD OF THE CITY OF DAYTON, 371 W. Second Street, Suite 231, Dayton, Ohio 45402
       Defendant-Appellee

· · · · · · · · · ·

DONOVAN, J.

{¶ 1}  This matter is before the Court on the Notice of Appeal of the City of Dayton ("Dayton"), filed March 14, 2013. Dayton appeals from the February 22, 2013 decision of the trial court, issued upon remand from this Court. The trial court modified the

decision of the Civil Service Board of the City of Dayton ("CSB"), which had affirmed the termination of Robert J. Baron's employment as a City of Dayton firefighter. In its decision, the trial court modified Baron's termination to a suspension and remanded the matter to CSB for the purpose of determining the proper length of the suspension. We note that the trial court also granted Dayton's motion for a stay of the proceedings pending this appeal.

{¶ 2} The record reflects that Baron was employed as a City of Dayton firefighter from February 27, 2006 until November 3, 2010. The City of Dayton Charter, at Section 6.1(C), entitled "Qualifications," and the City of Dayton Personnel Policies and Procedures Manual, at Section 2.06.IIA, provide that "No member of the Commission, other officers or employees shall hold employment with the State of Ohio, or a county, township, or municipal government." The City of Dayton Charter, at Section 6.1(D), further provides: "Any person who shall cease to possess any of the qualifications of this subsection shall forthwith forfeit his or her employment with the city." Between February 27, 2006 and May 5, 2006, Baron was paid as a full-time employee to attend the Dayton Fire Academy. It is undisputed that Baron was also employed by the City of Hubbard, Ohio, Police Department as a police officer from February 27, 2006 until April 14, 2006, when he was suspended. His position with the City of Hubbard was later terminated.

{¶ 3} On August 25, 2010, Baron was issued a charge and specification based upon his dual employment. A hearing was held on October 25, 2010, which Baron attended, represented by counsel. Director of Fire Services, Herbert Redden, was the hearing officer. After the hearing, Redden issued a memorandum which recommended a

finding of guilty as well as Baron's termination. On November 2, 2010, Findings and Order of the City Manager and the Director of the Department of Fire were issued, finding Baron guilty, and he was discharged.

{¶ 4} Baron appealed to CSB, and a hearing was held on February 23, 2011. CSB affirmed Baron's termination. Baron appealed to the Montgomery County Court of Common Pleas, which overruled his appeal, and Baron appealed that decision to this Court. On December 28, 2012, this Court determined that the common pleas court applied an incorrect statutory standard of review, in that it deferred to CSB's findings, when in fact Baron requested and was entitled to de novo review. This Court reversed the judgment of the court of common pleas and remanded the matter for the court to conduct a de novo review of CSB's decision, pursuant to R.C. 124.34. *Baron v. Civil Service Board of the City of Dayton,* 2d Dist. Montgomery No. 25273, 2012-Ohio-6179.

{¶ 5} Upon remand, the trial court noted that it "is undisputed that for a period of approximately six weeks, Baron was employed as a firefighter for the City of Dayton as well as a police officer for the City of Hubbard. Therefore, the Court finds that Baron was in violation of the City of Dayton's policy approximately four years ago. However, an issue remains as to whether Baron's violation warrants termination."

{¶ 6} In deciding to modify Baron's termination to a suspension, the trial court found as follows:

Although Baron was in violation of the City's dual employment policy, the Court finds that the removal of Baron was excessive in light of the violation.

A trial court has the authority to "affirm, disaffirm, or modify the judgment of the appointing authority." *Bar*[*n*]*hardt v.Versailles*, [2d Dist. Darke No. 1311, 1993 WL 39613].

In *Pietrick v.* [*Westlake Civ.Serv. Comm.*, 8th Dist. Cuyahoga No. 98258, 2012-Ohio-6009], the court upheld the trial court's decision to modify the penalty of the commission. The appellee in *Pietrick*, a fire chief, was demoted by the city to the rank of firefighter after receiving a letter indicating that work was being done on his personal vehicles by firehouse mechanics. The trial court modified the appellee's demotion and placed him in the position of captain. See also, *Raizk v. Brewer,* [12th Dist. Clinton Nos.CA2002-05-021, CA2002-05-023, 2003-Ohio-1266] (concluding that the trial court did not abuse its discretion by substituting its judgment for that of the commission when it vacated the portion of the commission's order restricting the appellee from seeking a promotion to the position of fire chief for 180 days.)

The City argues that the provision in question succinctly states that violation results in a "forfeit" of employment. The provision the City cites states that, "any person who shall cease to possess any of the qualifications of this subsection shall forthwith forfeit his or her office or employment with the city." However, Baron's violation did not warrant termination four years after the fact. Moreover, the City Charter and the City of Dayton Personnel Policies and Procedures Manual, Section 2.06.III.A., states that "any

employee who wishes to obtain supplemental employment outside of their City of Dayton position and which is related to their position must obtain approval of their Department Director . . ." Thus, the City has implemented a policy that makes it permissible to have dual employment if approved by the proper authority. This provision indicates that there is not a complete prohibition of dual employment or that a violation warrants termination in every case.

Baron testified he first learned that he could not have dual employment when he graduated from the academy and was placed into his first assignment. Chief Redden testified that he instructed Baron about the dual employment policy during the interview process. However, Baron had no recollection of being informed about that policy. The testimony established that at some point during the ten week training at the academy that several City policies were covered and that the dual employment policy should have been covered. However, no specific testimony was given as to when the dual policy was actually covered and Baron testified that he did not recall the dual employment being discussed.

Baron testified that three lieutenants were aware that he was employed at the Hubbard Police Department while he was in the academy; Lieutenant[s] McClain, Colton and Ables. He further stated that he was told that once he was appointed as a firefighter he could no longer have dual employment. Lieutenant Ables testified that he was unaware that Baron held dual employment. The other two Lieutenants were unavailable to testify on this issue. Chief Redden indicated

that his decision to terminate Baron was solely based on the dual employment violation. Therefore, had Baron not violated that dual employment policy four years ago, Baron would not have been terminated. The testimony and evidence presented reflect[] that Baron's misunderstanding of the dual employment policy was unintentional rather than a complete disregard of the City policy.

Assistant Chief of the Dayton Fire Department, Jeffrey Payne, testified that had he known that Baron worked concurrently for the City of Hubbard and for the City of Dayton that he would have stopped that act immediately or confirmed that it was stopped immediately. * * * This indicates that Payne would have stopped Baron's act of dual employment rather than terminate Baron.

Baron's violation of the dual employment policy lasted for approximately six weeks, starting from the time Baron was first accepted into the academy at the Dayton Fire Department and ending before he graduated from the academy during the first week of May, 2006. This was well before he was appointed to his first assignment. Since that time, Baron has never held dual employment in violation of the City's policy. Moreover, Baron's violation of the City's dual employment policy occurred more than four years prior to the City becoming aware of such violation. The Court finds that the aforementioned factors mitigate the Board's decision to affirm Baron's termination. This is buttressed by the fact that, although not controlling, the decision of Baron's unemployment compensation review found that Baron was discharged without just cause. In considering the mitigating factors, the Court hereby modifies Baron's termination

to a suspension. The length at which (sic) will be determined by the City of Dayton Civil Service Board.

{¶ 7} Dayton asserts one assignment of error herein as follows:

"THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING THE CIVIL SERVICE BOARD'S DECISION AFFIRMING THE TERMINATION OF ROBERT BARON'S EMPLOYMENT TO A SUSPENSION."

{¶ 8} Dayton asserts, "It is undisputed that Baron was simultaneously employed by the City of Dayton and the City of Hubbard, in violation of the City of Dayton Charter and the City of Dayton Personnel Policies and Procedures. * * * The City does not have discretion to make exceptions to allow Charter violations." Dayton asserts that the "trial court read discretion into the City Charter where none exists. It therefore failed to properly apply the law to the facts."

{¶ 9} Baron responds that Dayton's "argument is precluded by the doctrines of law of the case and collateral estoppel." Baron contends that while this Court "did not directly address the City's 'forfeiture' argument," it "rejected the City's argument by implication." He asserts that since Dayton's argument was "rejected by implication * * * , it is now barred by the doctrine of law of the case." Baron asserts, if termination for a violation of the dual employment rule is mandatory, then this Court "would have affirmed Baron's discharge regardless of the standard of review employed by the trial court" initially. Baron argues that Dayton's argument is contrary to the trial court's decision in *City of Dayton v. Baron*, Montgomery C.P. No. 2011 CV -5159 (Dec. 21, 2011), which as noted above affirmed the decision of the Unemployment Compensation Review Commission that there was insufficient evidence to prove fault on Baron's behalf serious enough to disqualify him from receiving benefits. Baron asserts that "this determination is

collateral estoppel on the issue of just cause." Finally, he asserts that "the trial court's decision was not an abuse of discretion."

{¶ 10} In reply, Dayton asserts that the doctrines of law of the case and collateral estoppel do not apply.

{¶ 11} The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St. 3d 1, 3, 462 N.E.2d 410 (1984). As the Supreme Court of Ohio has noted:

> Collateral estoppel (issue preclusion) prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action. *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, paragraph two of the syllabus. *Thompson v. Wing*, 70 Ohio St. 3d 176, 183, 1994-Ohio-358, 637 N.E.2d 917.

{¶ 12} We agree with Dayton that this Court, in remanding the matter for de novo review, did not reach the merits of Dayton's argument that "forfeiture" of Baron's employment is mandatory, and we accordingly cannot conclude that Dayton is barred from asserting it herein because it is "implicitly" barred by the law of the case doctrine. We further note that *City of Dayton v. Baron,* Montgomery C.P. No. 2011 CV -5159 (Dec. 21, 2011)*,* addressed Baron's

entitlement to unemployment compensation benefits. Therein, the trial court correctly noted as follows: "A determination of just cause sufficient to uphold the discharge of an employee under a civil service rule or a labor contract does not equate to just cause to prohibit an employee from receiving unemployment compensation benefits. *See Guy v. City of Stuebenville*, 147 Ohio App.3d 142, 2002-Ohio-849." After noting, pursuant to R.C. 4141.282(H), that it "must give due deference to the agency's resolution of evidentiary conflicts, and [that] the court may not substitute its judgment for that of the agency," the court concluded that "there was evidence to support the hearing officer's finding that Baron's termination lacked just cause." Since the issue litigated in *City of Dayton v. Baron*, Montgomery C.P. No. 2011 CV -5159 (Dec. 21, 2011), namely the existence of just cause to prohibit Baron's receipt of employment benefits, is distinct from the issue herein, the doctrine of collateral estoppel does not bar Dayton's argument that the trial court lacked discretion to modify Baron's termination to a suspension.

{¶ 13} As this Court noted in its decision remanding the matter for de novo review, in a de novo proceeding before the trial court, "'the burden of proof is upon the appointing authority, here the city, to show by a preponderance of the evidence, the sufficiency of the cause for removal.'" *Baron v. Civil Service Board of the City of Dayton*, 2d Dist. Montgomery No. 25273, 2012-Ohio-6179, ¶ 18. As this Court also noted, R.C. 124.34 "'grants the court of common pleas the authority to affirm, disaffirm, or modify the judgment of the appointing authority.'" *Id., ¶* 16 (citations omitted). This Court reviews "a common pleas court's judgment on an R.C. 124.34 appeal from the decision of the civil service commission under an abuse of discretion standard." ¶ 19. As this Court has further noted:

"Abuse of discretion" has been defined as an attitude that is unreasonable,

arbitrary, or unconscionable. *Huffman v. Hair Surgeons, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. V. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990). *Feldmiller v. Feldmiller,* 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

**{¶ 14}** Article XVIII, Section 3 of the Ohio Constitution, known as the Home Rule Amendment, provides: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."   Article XVIII, Section 7 provides: "Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of section 3 of this article, exercise thereunder all powers of local self-government."

**{¶ 15}** While R.C. 124.34 allows the trial court to "affirm, disaffirm or modify the judgment of the appointing authority," the City of Dayton Charter, at Section 6.1(D) provides: "Any person who shall cease to possess any of the qualifications of this subsection shall forthwith forfeit his or her employment with the city." Section 6.1(D) constitutes an exercise of local self-government, and it is not in conflict with the provisions of R.C. 124.34.   Pursuant to Section 6.1(D) of the Dayton Charter, employees who violate the dual employment rule, as set forth in both the Charter and the City of Dayton Personnel Policies and Procedures Manual, forthwith forfeit their employment with the City.   In other words, such employees are not subject to suspension, and as Dayton asserts, it "does not have discretion to make exceptions to allow

Charter violations." Regarding the trial court's reliance upon Section 2.06(III)(A), which requires employees to seek approval for supplemental employment, we conclude that, since Baron did not seek such approval and none was granted, Section 2.06(III)(A) does not apply. We further agree with Dayton that considerations of Baron's intent and the passage of time between the violation and its prosecution are foreclosed by the plain language of Section 6.1(D). In modifying Baron's termination to a suspension, the trial court rendered Section 6.1(D) meaningless. Since Baron was not subject to suspension, the trial court abused its discretion in modifying his termination. *See Nichols v. Civil Service Commission of Columbus,* 109 Ohio App.3d 344, 672 N.E.2d 205 (10th Dist. 1996)(affirming trial court's dismissal of appellants' R.C. 124.34 appeal from discharge from Division of Police, Department of Public Safety, for lack of jurisdiction, since the Columbus City Charter expressly states that an employee who is terminated during his probationary period may not appeal his termination, and the Charter provision is not in conflict with the right to appeal in R.C. 124.34).

{¶ 16} Since an abuse of discretion is demonstrated, Dayton's assigned error is sustained. The judgment of the trial court is reversed, and the matter is remanded with instructions that judgment be rendered in favor of Dayton on Baron's appeal, consistent with this opinion.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Richard T. Bush
Thomas M. Green