[Cite as *Adebisi v. Toledo*, 2021-Ohio-1902.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Sierra Adebisi

  Appellant

v.

City of Toledo, Ohio Civil
Service Commission, et al.

  Appellees

Court of Appeals No. L-20-1071

Trial Court No. CI0201903783

**DECISION AND JUDGMENT**

Decided:  June 4, 2021

* * * * *

Norman A. Abood, for appellant.

Dale Emch, Law Director, Jeffrey B. Charles, and
Michael Niedzielski, for appellees

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1}  In this administrative appeal appellant, Sierra Adebisi, appeals the March 4, 2020 judgment of the Lucas County Court of Common Pleas which, inter alia, denied her appeal of appellee Toledo Civil Service Commission's refusal to hear her appeal of her termination from the Toledo Fire & Rescue Department ("TFRD") training academy or

reconsideration of its decision extending the briefing schedule.[1]  Because we agree that appellant was a probationary employee and not entitled to the due process appeal protections under the collective bargaining agreement, we affirm.

{¶ 2}  The facts germane to this appeal are as follows.  On February 27, 2019, appellant was admitted to the TFRD training academy.  On that date, appellant was considered a classified civil service employee.

{¶ 3}  On August 23, 2019, the day of graduation, appellant received a letter from TFRD Chief Brian Byrd terminating her from the "current firefighter training program" for "overall unacceptable performance in the academy[.]"  On August 30, 2019, appellant appealed the decision to the Toledo Civil Service Commission ("CSC") stating:

> The termination letter did not have any charges and specifications or just cause reasons [sic] violated the Municipal Civil Service Rules and Regulations.  * * *.  I was not a "Probationary Employee" in the Fire & Rescue Department when terminated.  Accordingly, this appeal is within the jurisdiction of the Municipal Civil Service Commission and is timely filed.

{¶ 4}  The appeal was addressed at the September 4, 2019, regularly-scheduled commission meeting where the members concluded:

---

[1]Amicus Curiae, Toledo Firefighters, International Association of Firefighters, Local 92, has filed a brief in support of appellees.

2.

However, pursuant to Civil Service Rule 80.08 it does not qualify for probationary employees to appeal their terminations; and, therefore, we are requesting that the commission not hear this request due to that rule.

DR. HOLT: I'm in agreement with that.

MS. BROWN: I'm in agreement with that.

MR. JOHNSON: I'm in agreement with that.

DR. HOLT: I'm in agreement with that.

MR. ALEXANDER: Okay. Thank you, Madam Chair.

So our next steps will be Erica on behalf of the commission who will submit a communication to the agent informing him that the commission will not review this as referenced in Section 80.08 of our Rules of Civil Service.

{¶ 5} Appellant's counsel was then emailed a letter on September 6, 2019, which provided:

Last week your client filed a purported "appeal" of her termination with the Civil Service Commission. However, pursuant to Civil Service Rule 80.08, as a probationary employee, your client has no appeal rights. Nevertheless, at its regular meeting on Wednesday, September 4, 2019, the Commission considered her appeal. The Commission unanimously ruled that your client does not have an appeal right and denied her appeal.

3.

**{¶ 6}** Appellant then commenced an appeal in the Lucas County Court of Common Pleas pursuant to R.C. 124.34. On November 20, 2019, appellant filed her brief in support of her appeal. In her brief, appellant argued that as a TFRD trainee she was not a probationary employee but a classified employee with a contractual right to a hearing on her termination. In making the argument, appellant cited various statutes, rules, and the collective bargaining agreement between the city of Toledo and the Toledo Firefighters Local 92 ("CBA.") Appellant also relied upon admissions during discovery in other, unrelated legal proceedings from the fire chief and mayor.

**{¶ 7}** On November 22, 2019, the lower court set the briefing schedule requiring appellees to file their supporting brief within 14 days after the service date of appellant's brief. On January 21, 2020, the court, upon "good cause shown," extended the briefing schedule noting that the clerk's office failed to electronically serve the parties notice of the briefing schedule. The court gave appellees 14 days to file their supporting brief.

**{¶ 8}** On January 23, 2020, appellant filed a motion for reconsideration of the court's order extending the briefing schedule. Appellant argued that the briefing schedule was set by Lucas County Court Rule 5.03 and required that appellant file her brief 30 days after the filing of the record and that appellees' brief was due 14 days thereafter. Further, appellant stated that her brief was served on appellees through email and hand delivery. Appellees filed a memorandum in opposition which included an affidavit by counsel attesting that appellees never received a copy of either the brief or

4.

the briefing schedule and became aware of appellant's filing of her brief only after receipt of a telephone call from the court's bailiff.

{¶ 9} The court's March 4, 2020 opinion and judgment entry, inter alia, denied appellant's appeal and her motion for reconsideration of the court's extension of the briefing schedule. As to her appeal, the court concluded that as a firefighter trainee, appellant was a probationary employee and was not entitled to appeal her termination.

{¶ 10} Further, denying appellant's motion for reconsideration of the court's order extending the briefing schedule, the court found that an internal docketing error resulted in failure of court notice to appellees of the filing of appellant's brief, that the court had the inherent authority to modify the briefing schedule, that appellees were not required to demonstrate good cause, and that appellant was not prejudiced by the extension. This appeal followed with appellant raising four assignments of error for our review:

1. The trial court erred in its interpretation of the collective bargaining agreement as defining academy trainees as probationary firefighters having no rights to appeal their termination to the civil service commission.

2. The trial court erred by refusing to consider and reverse the commission's order for failure to afford the appellant due process notice and opportunity to be heard at the commission meeting.

5.

3. The trial court erred as a matter of law by construing its inherent power to manage its docket as allowing it to amend mandatory filing deadlines without any showing of good cause.

4. The trial court abused its discretion in finding justification for sua sponte modifying mandatory filing deadlines.

## Appeal Rights and Court Review

{¶ 11} Appellant asserted her right to appeal the termination under R.C. 124.34(C) which states:

> In the case of the suspension for any period of time, or a fine, demotion, or removal, of a chief of police, a chief of a fire department, or any member of the police or fire department of a city or civil service township, who is in the classified civil service, the appointing authority shall furnish the chief or member with a copy of the order of suspension, fine, demotion, or removal, which order shall state the reasons for the action. * * * An appeal on questions of law and fact may be had from the decision of the commission to the court of common pleas in the county in which the city or civil service township is situated.

Administrative appeals brought pursuant to R.C. 124.34(C) are subject to de novo review. *Westlake Civil Serv. Commn. v. Pietrick*, 142 Ohio St.3d 495, 2015-Ohio-961, 33 N.E.3d 18, ¶ 24-25.

6.

{¶ 12} Conversely, appellees contend that because Toledo is a charter municipality, the Home Rule Amendment of the Ohio Constitution provides sovereignty over matters of local government. *State ex rel. Bardo v. Lyndhurst*, 37 Ohio St.3d 106, 108-109, 524 N.E.2d 447 (1988). In such matters, if a provision of a municipal charter conflicts with state law, the charter provisions will prevail. *Id.* Thus, appellees claim that appellant's appeal rights stem from the city charter, not R.C. 124.34. This assertion is significant to our resolution of the merits of the appeal and is discussed below.

{¶ 13} Appellant stresses the fact that the trial court did not delineate the precise standard of review it employed while considering appellant's appeal. Reviewing the court's analysis in determining whether appellant was a probationary employee, we note that it examined and interpreted the meaning of the statutory language under the relevant portions of the city charter, CSC rules, and CBA. This is what the court was tasked with and based upon its determination, was all that was required.

### Trainee Status: Probationary or Not?

{¶ 14} In appellant's first and second assignments of error she contends that as a fire trainee, her probationary period had not yet begun; thus, the court erred in concluding that she was not entitled to the due process awarded non-probationary employees prior to termination; to wit, union representation and a full hearing.

{¶ 15} Central to our disposition is the interpretation of various provisions of the CBA. Section 2125.03 sets forth when an employee is entitled to union representation:

7.

The Union shall represent a new employee upon his/her completion of his/her first sixty 60 compensated workdays of employment in the Department, provided, however, that the Union shall not represent the employee in an issue pertaining to the acceptance or rejection of the employee during the remaining time of his/her probationary period, as fixed in Section 2125.25.

{¶ 16} Section 2125.25 provides:

Newly hired employees shall have no seniority during their probationary period, but upon completion of the probationary period their seniority date shall be the date of hire. All new employees shall serve a probationary period of one hundred (100) tours * * * after completion of the Fire Academy. Employees who have worked one hundred (100) tours * * * after completion of the Fire Academy shall be known as permanent employees and the probationary period shall be considered as part of their seniority time.

{¶ 17} The pay scale set forth in the CBA also differentiates between trainees, probationary employees, and step increases for permanent employees. Appellant argues that because the CBA draws a distinction between trainees and probationary employees, her status as a trainee meant that, as section 2125.25 states, she became a probationary employee only "after" completing the training academy. We disagree.

8.

{¶ 18} As correctly noted by appellees, it is undisputed that appellant never completed one, let alone 100 tours of duty as required under the CBA. Appellant makes several arguments as to why the court's interpretation of the CBA was flawed or improper including that Section 2125.25 of the CBA was not ambiguous and the court improperly engaged in statutory interpretation and improperly considered the relevant terms in pari materia, that the court "redefined" employee categories, and that the court erred in failing to consider extrinsic evidence of the proper categorization of appellant's trainee status.

{¶ 19} The court's decision relied heavily on a factually similar, Tenth Appellate District case. *Nichols v. Columbus Civ. Serv. Commn.*, 109 Ohio App.3d 344, 672 N.E.2d 205 (10th Dist.1996). In *Nichols*, the court concluded that under home rule principles the city charter superseded R.C. Chapter 124 and specifically provided that police trainees, as probationary employees, had no right to appeal termination during the probationary period. *Id.* at 347. The *Nichols* court explained that "the nature of the probationary process is to allow time to establish the fitness of a candidate for police service, and this process necessarily will involve the elimination of some candidates." *Id.* at 348.

{¶ 20} The logic in *Nichols* is applicable to fire trainees. Appellant's argument would extend permanent employee status to a trainee which then, once graduating from the academy, would revert back to probationary status only to go back to permanent status after completing 100 tours of duty. Though appellant disparaged use of the word,

9.

we agree that this result is "illogical" and contradictive of the purpose of a probationary period. Based on the foregoing, we find that the court did not err in classifying appellant as a probationary fire employee. Appellant's first assignment of error is not well-taken.

{¶ 21} In her second assignment of error, appellant's further challenges appellees' failure to afford her due process by way of a full hearing prior to her termination. Appellees again counter that under the CSC rules, appellant had no right to an appeal. Appellant further argues that appellees erred by failing to notify her of the commission meeting where her termination was discussed.

{¶ 22} As stated above, the city of Toledo is a charter municipality subject to the Home Rule Amendment (Section 3, Article XVII, Ohio Constitution.) As a charter municipality, the city of Toledo has provided for the creation of a civil service commission under Section 167 et seq. of the Toledo City Charter. At Section 172 of the Toledo City Charter, entitled "Rules," the specific functions of the CSC are to "adopt, amend, and enforce a code of rules which shall have the force and effect of ordinances providing as to all positions in the classified service for appointment and employment based on merit, efficiency, moral character and industry."

{¶ 23} Relevantly, CSC rule 80.08 provides:

SECTION 80.08 Appeals to the Commission

Any person employed in the classified service who is suspended, reduced in rank or dismissed may appeal from the decision of the officer

10.

issuing such order to the Civil Service Commission within ten (10) calendar days from and after the date of such suspension, reduction or dismissal. In such event said officer shall, upon notice from the Commission of such appeal, forthwith transmit to the Commission a copy of the charges and proceedings thereunder. The Commission shall hear such appeal within ten (10) calendar days from and after the filing of the same with the Commission, and may affirm, disaffirm or modify the judgment of the officer issuing such order and the Commission's judgment in the matter shall be final, except as otherwise provided by law.

*Except that any original appointee who does not perform his duties to the satisfaction of the Appointing Authority, or who is guilty of any act or omission, which would be grounds for dismissal of a regular classified employee may be dismissed during his probationary period without right of appeal.* The Appointing Authority may notify the Commission in writing of the dismissal and the reasons therefor. The name of the dismissed person shall be removed from the eligible list and he shall not be permitted to take an examination for the same position for a period of two (2) years. Provided, however, if the Commission finds sufficient justification, the name of the dismissed person shall be restored to the eligible list. (Emphasis added.)

**{¶ 24}** Because we find that the court properly categorized appellant as a probationary employee, applicable is the general proposition that under Ohio law "probationary employees do not enjoy the same rights and protections afforded to tenured civil servants." *Miracle v. Ohio Dept. of Veterans Services*, 157 Ohio St.3d 413, 2019-Ohio-3308, 137 N.E.3d 1110, ¶ 16. Further, distinctions exist between post-termination remedies for probationary and tenured civil-service employees. *Id.* at ¶ 20. "Tenured employees have the right to appeal their removal * * * [p]robationary employees do not." *Id.* The *Miracle* court explained that there is "no public policy in favor of retaining probationary employees." *Id.* at ¶ 21. *See Fletcher v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 12AP-46, 2012 Ohio-3920, ¶ 11.

**{¶ 25}** Due to their status, probationary employees are not entitled to a commission hearing prior to termination. *See Fleming v. Civ. Serv. Commn. of the City of Sylvania*, 6th Dist. Lucas No. L-81-093, 1981 WL 5420 (Oct. 16, 1981); *Nichols*, 109 Ohio App.3d at 348, 672 N.E.2d 205; *State ex rel. Canfield v. Frost*, 53 Ohio St.3d 13, 557 N.E.2d 1206 (1990); *Pawloski v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 12AP-161, 2012-Ohio-4907.

**{¶ 26}** We further reject appellant's claim that appellees failed to properly notify her of the CSC hearing where her termination was affirmed. We conclude that because she had no right to appeal her termination, she had no due process right to special notification of a regularly scheduled, publicly posted CSC meeting. Appellant's second assignment of error is not well-taken.

12.

**Extension of Filing Deadlines**

{¶ 27} In her third and fourth assignments of error, appellant argues that the court erred by, sua sponte, extending the briefing schedule to allow appellees to file their response to appellant's brief due to an electronic filing system error. Appellant argues that the briefing schedule is immutable and is set by rule. Appellant further contends the court did not have the authority to extend the schedule without a showing of good cause.

{¶ 28} "We review the trial court's interpretation or application of its local rules for an abuse of discretion." *Meador v. Bath Twp.*, 9th Dist. Summit No. 25007, 2010-Ohio-2570, ¶ 8, citing *Michaels v. Michaels*, 9th Dist. Medina No. 07CA0058-M, 2008-Ohio-2251, ¶ 13. *See Musson v. Musson*, 3d Dist. Hardin No. 6-98-01, 1998 WL 305359 (June 10, 1998); *Haul Transport of VA, Inc. v. Morgan*, 2d Dist. Montgomery No. CA 14859, 1995 WL 328995 (June 2, 1995). An abuse of discretion means that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 29} Loc.R. 5.03 of the Court of Common Pleas of Lucas County, General Division, provides:

> A. GENERAL TIME LIMITS All civil cases, except administrative appeals, forcible entry and detainer actions, or any other case which by its nature requires more rapid adjudication as determined by the trial judge, shall be concluded within the following time periods:

13.

* * *

F. Administrative Appeal 9 Months

* * *

B. ADMINISTRATIVE APPEALS

Except as otherwise provided by specific rule, statue, *or court order*, in all cases originating in administrative bodies and appealed to this court, the appellant shall serve and file a brief within 30 days after the date on which the record is filed. The appellee's brief shall be served and filed within 14 days of appellant's brief. The appellant may serve and file a reply brief within 7 days after service of the appellee's brief. (Emphasis added.)

{¶ 30} Reviewing the above-quoted rules and the arguments of the parties, we find that the court did not abuse its discretion when it extended the briefing schedule. Opposing appellant's motion for reconsideration, appellees asserted by affidavit that they did not receive the either the briefing schedule or appellant's brief. Further, the extension did not impact the nine-month appeal limit. Finally, appellant was not prejudiced by the delay. Accordingly, we find that appellant's third and fourth assignments of error are not well-taken.

14.

**{¶ 31}** On consideration whereof, we affirm the March 4, 2020 judgment of the Lucas County Court of Common Pleas. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Gene A. Zmuda, P.J.

_____
JUDGE

Myron C. Duhart, .J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.